█ VIRGINIA L. AUSTIN, Appellant, v. AUGUSTUS B. AUSTIN, III, Respondent.— TAYLOR, J. In August, 1960 plaintiff commenced this action for a separation alleging her abandonment by defendant and his cruel and inhuman treatment of her. Suitable support and an award of counsel fees were also sought. Defendant's answer admitted the marriage of the parties some 25 years earlier, denied the allegations of willful abandonment and cruel treatment but joined in plaintiff's prayer that an amount be fixed for her support and maintenance and that she be granted a judgment of separation. The action came on for trial in July, 1962. For reasons which the record does not disclose the trial, at the close of plaintiff's case, "was adjourned until March 6, 1964." In 1961 defendant ex parte and despite an injunction issued by the Supreme Court of this State which restrained the prosecution of the action obtained a final decree of divorce against plaintiff in the State of Florida. Upon the resumption of the trial the court received in evidence, over plaintiff's objection, an authenticated copy of the foreign decree. Neither at nor prior to the trial had defendant sought leave to amend his pleading to withdraw the admission of the existence of a valid subsisting marriage or to supplement it by setting forth the subsequent occurrence of the foreign divorce as an affirmative defense to the action. Finding that the necessary elements to support a decree of separation "with respect to the marriage when it did exist" had been established the trial court held that plaintiff was entitled to support and maintenance and an award accordingly was made. It determined, however, that the Florida decree of divorce was entitled to full faith and credit in this State and that therefore it was without jurisdiction to grant a decree of separation to plaintiff since the existence of a valid subsisting marriage between the parties was a necessary prerequisite to the granting of such decree. Plaintiff appeals only from that

part of the judgment which failed to grant a decree of separation. To permit evidence of its existence the foreign decree of divorce was required to be pleaded in the answer as a separate defense. (Civ. Prac. Act, § 245; CPLR 3025, subd. [b]; *Ensign* v. *Klekosky,* 25 Misc 2d 536, affd. 12 A D 2d 680, app. dsmd. 9 N Y 2d 789.) The finding of domicile by the foreign State is not conclusive on the courts of a sister State and may be relitigated in the latter. (*Garvin* v. *Garvin,* 302 N. Y. 96, 102; *Williams* v. *North Carolina,* 325 U. S. 226; *Estin* v. *Estin,* 334 U. S. 541, 543.) In our view plaintiff should be afforded the opportunity collaterally to impeach the Florida decree of divorce for want of jurisdiction after its existence has been properly pleaded in the answer in bar of the cause of action and thereafter proved at the trial. Only then can the effect to which it is entitled under the full faith and credit clause of the Federal Constitution (U. S. Const., art. IV, § 1) be determined. (*Williams* v. *North Carolina, supra.*) Judgment, insofar as appealed from, reversed, on the law, and a new trial ordered with leave to defendant if so advised to replead within 20 days after the entry of the order hereon, with costs to abide the event. Settle order. Gibson, P. J., Herlihy, Reynolds and Aulisi, JJ., concur.