■ GEORGIA PIENIEWSKI et al., Appellants, v JOHANNA BENBENEK et al., Respondents.—Judgment unanimously affirmed, with costs. Memorandum: Plaintiff Georgia Pieniewski instituted this negligence action to recover damages for personal injuries sustained when she was struck by an automobile driven by defendant Randy Benbenek and owned by defendant Johanna Benbenek. Her husband's cause of action is derivative. Judgment was entered dismissing plaintiffs' complaint upon a jury verdict of no cause of action. Plaintiffs' initial contention on appeal is that the trial court erroneously refused to allow a proposed rebuttal witness to testify as to how the accident occurred. Although this testimony would have rebutted the defense version of the accident, it was not improperly excluded. Since it tended to corroborate plaintiffs' evidence and support the allegation of negligent operation of the automobile, it should have been offered on plaintiffs' case-in-chief (see *Marshall v Davies,* 78 NY 414, 419–420; *Fox v Matthiessen,* 84 Hun 396, 399, revd on other grounds 155 NY 177, affd without opn 156 NY 691; *Barson v Mulligan,* 77 App Div 192, 194). Plaintiffs also sought to present rebuttal testimony to discredit a defense witness. The defense witness testified that she had observed the accident while about to cross the street to reach a bus stop. The rebuttal witness would have testified that there was no bus stop across the street. While this testimony may properly have been received, in view of its collateral nature its disallowance does not constitute an abuse of discretion (cf. *Ankersmit v Tuch,* 114 NY 51, 55). Plaintiffs next argue that their attorney had the right to comment on the law during summation. While properly circumscribed comment on the law may be permitted in limited circumstances (see *Williams v Brooklyn .El. R. R. Co.,* 126 NY 96, 104), plaintiffs have failed to preserve the issue for appeal. There is no record of counsel's comment or the context in which it was made, and thus we cannot affix error to the trial court's ruling. Similarly, plaintiffs' contention that the trial court precluded comment upon the failure of the defense to call a certain witness has no basis in the record. Nor do we find that the court erred in allowing certain defense witnesses to testify concerning the speed of defendants' vehicle. These witnesses testified that they either drove or had opportunities to observe the relative speed of vehicles, thus providing an adequate foundation for their testimony (see Richardson, Evidence [10th ed], § 364, subd [j]). Finally, plaintiffs argue that the trial court's instruction in response to a question from the jury should be deemed reversible error. While the colloquy between the court and the jury foreman, viewed alone, may have resulted in some confusion, no exception was taken, and when read within the context of the entire charge, we find that the jurors were properly instructed that their views and findings were to prevail, rather than the court's. Thus the instruction did not deprive plaintiffs of a fair trial. (Appeal from judgment of Erie Supreme court—automobile negligence.) Present—Marsh, P. J., Moule, Dillon, Goldman and Witmer, JJ.