■ KAREN R. BAUMIS, as Executrix of CHARLES F. BAUMIS, JR., Deceased, Appellant, v GENERAL MOTORS CORPORATION et al., Respondents. — Appeal from a judgment of the Supreme Court in favor of defendants, entered May 11, 1983 in Montgomery County, upon a verdict rendered at Trial Term (Crangle, J.).

Plaintiff contends that the trial court erred in refusing to admit into evidence certain rebuttal proof offered by plaintiff at the close of defendants' case. We disagree.

At trial plaintiff introduced proof, including expert testimony, to establish that decedent died as the result of a fire in a new automobile manufactured by defendant General Motors Corporation (hereafter defendant) and that the fire was caused by design and/or manufacturing defects. Defendant introduced expert proof that (1) the charred remains of the body found in the vehicle showed signs of having been beaten, (2) death occurred before the fire, and (3) the fire was caused by arson. To rebut this proof, plaintiff sought to introduce additional testimony from her expert concerning the cause of the fire. Noting that plaintiff's expert had previously addressed the possibility of arson, the trial court concluded that plaintiff's offer of proof provided no new matter for the jury, which was confronted with conflicting expert opinions.

Plaintiff claims that defendant's proof of arson and homicide related to unpleaded "affirmative defenses" which took plaintiff by surprise and to which she could not respond until after the proof had been presented. Although plaintiff now asserts that arson and homicide were affirmative defenses which should have been pleaded by defendant, no objection was made when defendant offered the proof. The claim of surprise is also belied by the record, for defendant disclosed at a conference some 18 months before the trial that its investigation revealed the possibility of foul play, and plaintiff's counsel stated in his opening statement to the jury that plaintiff intended to "take the burden" of proving that defendant's claims of "foul play" were "nonsense". Plaintiff's direct case contained expert proof on the question of whether arson or homicide played a role in decedent's death and, as found by the trial court, plaintiff's rebuttal evidence, consisting of additional testimony from an expert who had previously testified on the issue, would have added no new matter to the case; nor would it have further enlightened the jury on the issues. At best, it would have tended to corroborate the proof already adduced on plaintiff's direct case.

Under these circumstances, the trial court did not abuse its discretion when it refused to permit plaintiff to present the rebuttal evidence (see *Pieniewski v Benbenek,* 56 AD2d 710; *Hutchinson v Shaheen,* 55 AD2d 833, 834). We also find no abuse of discretion in the trial court's denial of plaintiff's motion for a mistrial (see *Harris v Village of East Hills,* 41 NY2d 446, 451). The judgment should be affirmed.

Judgment affirmed, with costs. Main, J. P., Casey, Yesawich, Jr., and Harvey, JJ., concur.

Mikoll, J., dissents and votes to reverse in the following memorandum. Mikoll, J. (dissenting). I respectfully dissent. In

my view the trial court's decision to refuse to admit into evidence certain rebuttal proof offered by plaintiff was based on that court's erroneous earlier rulings concerning plaintiff's burden of proof and whether arson and murder were affirmative defenses. These erroneous rulings impaired the court's exercise of discretion and, thus, reversal and a new trial should be ordered (see *People v Kennedy,* 47 NY2d 196, 205-206; *People v Davis,* 44 NY2d 269, 275-276). Had the trial court properly treated arson and murder as affirmative defenses, its discretion may well have been exercised in favor of plaintiff's application. On January 2, 1982, the trial court, in deciding a motion by defendant General Motors Corporation (hereafter defendant) for a protective order to vacate plaintiff's notice to admit certain facts and for discovery, ruled that plaintiff had the burden at trial of proving the identity and cause of death of the deceased. The record also reveals that the trial court determined that since plaintiff was relying on circumstantial evidence to prove these elements, plaintiff had the burden of proving that other causes were not the cause of death. However, a plaintiff in a negligence action need not exclude every other possible cause of the accident to establish a prima facie case of negligence (*Rosenberg v Schwartz,* 260 NY 162, 166).

An affirmative defense is one which, if not pleaded, would be likely to take an adversary by surprise or "raises fact issues not appearing on the face of a prior pleading" (Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 3018:13, p 148). If the complaint contains nothing that "touches on the matter the defendant wants to raise against the complaint, the matter must be treated as an affirmative defense" (p 149). Arson is recognized to be an affirmative defense in an action by an insured to recover on a fire insurance policy and for breach of contract where insurers have refused to pay on the policy (*Weed v American Home Assur. Co.,* 91 AD2d 750; *Shawanga Holding Corp. v New York Prop. Ins. Underwriters Assn.,* 57 AD2d 677, mot for lv to app den 43 NY2d 643).

In the case at bar, nothing in plaintiff's complaint raises the issue of other possible causes of the fire. Defendant, in presenting evidence of arson and murder, raised issues not apparent on the face of the complaint and waived them by failing to plead these affirmative defenses (CPLR 3018, subd [b]; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 3018:13, p 149). Accordingly, defendant's proof of arson and murder should not have been received at trial (see *Austin v Austin,* 25 AD2d 710, 711; *Ensign v Klekosky,* 25 Misc 2d 536, 537, affd 12 AD2d 680).

Plaintiff's claim of "formal surprise" should not be discounted because defendant alluded at a conference some 18 months before trial that it had information of arson or foul play. The pleadings were the framework of the case and not the conference. If the affirmative defenses were not pleaded, plaintiff might reasonably believe the claim of foul play lacked substance. Certainly, issues should be framed by the formal pleadings and not by claims voiced at pretrial conferences.

The majority points out that plaintiff failed to object to defendant's proof on arson and murder. That failure is of little significance since the prior rulings and comments of the trial court indicated that it would not consider arson and murder evidence as outside the framework of the case. As noted above, the record indicates that the trial court assumed from the outset that plaintiff had the burden of disproving arson and murder as causes of decedent's demise. Further, the anticipatory comments made during the opening statement of plaintiff's counsel concerning possible defenses were not evidence, did not change the issues framed by the pleadings and should not be construed as a waiver of plaintiff's right to rely on the pleadings to frame the issues to be tried. Accordingly, in my view the judgment should be reversed and the matter remitted for a new trial.