■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DENNIS BEHLIN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Lombardo, J.), rendered May 19, 1986, convicting him of manslaughter in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's claim that it was error for the trial court to charge the jury on the offense of manslaughter in the second degree as a lesser included offense is not preserved for appellate review. Not only did the defendant fail to timely object to the charge, but defense counsel actually requested the court to instruct the jury with respect to the lesser included offense of manslaughter in the second degree *(see, People v Ford,* 62 NY2d 275, 279; *People v Kinitsky,* 119 AD2d 159, 161).

In any event, a reasonable interpretation of the evidence could lead a jury to the conclusion that the defendant "recklessly" killed the victim (Penal Law § 15.05 [3]; § 125.15). Therefore, under the circumstances, the trial court did not err in charging manslaughter in the second degree as a lesser included offense of murder in the second degree *(People v Ford,* 66 NY2d 428, 439; *People v Glover,* 57 NY2d 61, 63).

In addition, the defendant did not request that the jury be charged that the use of deadly physical force was justified under Penal Law § 35.15. Therefore, his claim with respect to the absence of such a charge is not preserved for appellate review *(see, People v Charleston,* 56 NY2d 886).

In any event, a review of the record shows that the defendant was not entitled to a justification charge. Under no reasonable interpretation of the evidence could it be found that the defendant reasonably believed that deadly physical force was about to be used against him or that he had satisfied his duty to retreat, or was under no such duty *(People v Watts,* 57 NY2d 299, 302; *People v Collice,* 41 NY2d 906, 907). Kunzeman, J. P., Rubin, Spatt and Balletta, JJ., concur.