■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAUL PAGAN, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant failed to request that the jury be charged on the defense of justification (Penal Law § 35.15). Accordingly, that issue has not been preserved for our review (see, CPL 470.05 [2]; *People v Behlin,* 150 AD2d 591, *lv denied* 74 NY2d 805; *People v McLoyd,* 125 AD2d 604). Moreover, the evidence, viewed in the light most favorable to defendant, fails to establish his entitlement to a charge of justification (CPL 300.10 [1], [2]; *see, People v Watts,* 57 NY2d 299, 301-302). (Appeal from judgment of Monroe County Court, Celli, J.—manslaughter, second degree.) Present—Dillon, P. J., Callahan, Green, Davis and Lowery, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SCOTT SMITH, Appellant.—Judgment unanimously modified on the law and as modified affirmed, in accordance with the following memorandum: Defendant was convicted of one count of vehicular assault in the second degree (Penal Law § 120.03) and two counts of operating a motor vehicle while under the influence of alcohol (Vehicle and Traffic Law § 1192 [2], [3]). The convictions under the Vehicle and Traffic Law must be reversed, the counts dismissed, and the sentences imposed vacated because they are inclusory concurrent counts of the count of vehicular assault in the second degree (see, CPL 300.40 [3] [b]; *People v Eccleston,* 161 AD2d 1184). Additionally, it was error for the court to have admitted, without foundation, testimony concerning the rate of speed of defendant's vehicle (see, *People v Olsen,* 22 NY2d 230; *Pieniewski v Benbenek,* 56 AD2d 710). The error, however, is harmless in light of the overwhelming evidence of guilt and there does not exist a significant probability that the jury would have acquitted the defendant but for the error (*People v Crimmins,* 36 NY2d 230, 242). Finally, under the circumstances, we find no merit to defendant's contention that the sentence imposed was harsh and excessive (see, *People v Farrar,* 52 NY2d 302). (Appeal from judgment of Steuben County Court, Finnerty, J. —vehicular assault, second degree.) Present—Dillon, P. J., Callahan, Green, Davis and Lowery, JJ.