■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRIAN CAVOLY, Appellant.—Judgment unanimously affirmed. Memorandum: The court did not err in refusing defendant's request to charge the defense of temporary and lawful possession of a weapon. To establish entitlement to this charge " 'there must be proof in the record showing a legal excuse for having the weapon in [defendant's] possession, as well as facts tending to establish that, once possession has been obtained, the weapon had not been used in a dangerous manner' " *(People v Banks,* 76 NY2d 799, 801, quoting *People v Williams,* 50 NY2d 1043, 1045). At trial, defendant admitted that, upon gaining possession of the gun, he placed the loaded weapon to his girlfriend's head. The trial testimony also demonstrated that defendant fled the scene armed with the loaded gun and that police found defendant crouched under a nearby porch. Upon his apprehension, defendant refused to respond to police orders and never volunteered to turn the gun over or to tell police where it was located. Such conduct is "utterly at odds" with any claim of temporary and innocent possession resulting from the disarming of a wrongful possessor *(People v Banks,* 76 NY2d 799, *supra; People v Snyder,* 73 NY2d 900, 902; *People v Williams,* 50 NY2d 1043, 1045, *supra; see also, People v Persce,* 204 NY 397, 402).

We decline to address defendant's contention that the court erred in failing to charge the jury on justification. Defendant did not request such a charge and thus the issue is not preserved for review *(see,* CPL 470.05 [2]; *People v Pagan,* 162 AD2d 999; *People v Behlin,* 150 AD2d 591, *lv denied* 74 NY2d 805; *People v McLoyd,* 125 AD2d 604).

Finally, there is no merit to defendant's argument that his sentence is harsh and excessive. (Appeal from judgment of Oneida County Court, Murad, J.—reckless endangerment, first degree.) Present—Dillon, P. J., Callahan, Green, Pine and Balio, JJ.