■ The People of the State of New York, Respondent, v Willie B. Wilson, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant's claim of entitlement to a charge on the defense of justification has not been preserved for our review because he did not request that charge nor did he except to the court's charge as given (see, People v Pagan, 162 AD2d 999). Moreover, defendant was not entitled to a justification charge because the proof at trial did not adequately raise that issue as a question of fact for the jury (People v Watts, 57 NY2d 299, 301).

Defendant failed to preserve for our review his claim that the court's charge on identification was not sufficiently detailed (see, CPL 470.05 [2]). He neither requested a more expansive identification charge nor excepted to the court's charge as given. Further, we find the court's charge on identification to be legally sufficient (see, People v Whalen, 59 NY2d 273, 279).

The People's delay in turning over certain Rosario material (see, People v Rosario, 9 NY2d 286, rearg denied 9 NY2d 908,

cert denied 368 US 866, rearg denied 14 NY2d 876, 15 NY2d 765) does not require reversal because defendant was not "substantially prejudiced by the delay" (People v Ranghelle, 69 NY2d 56, 63; see also, People v Martinez, 71 NY2d 937). Similarly, a reversal is not mandated by the delay in providing certain exculpatory information to defendant inasmuch as the material was given to defense counsel in sufficient time to enable him to effectively cross-examine the witnesses (see, Brady v Maryland, 373 US 83). The evidence was disclosed prior to the commencement of trial "and there was no indication that earlier disclosure would have substantially affected the nature of the evidence or altered defendants' trial strategy" (People v Clark, 89 AD2d 820, cert denied 459 US 1090).

The trial court properly denied defendant's motion for a trial order of dismissal at the close of the People's case because the evidence, viewed in the light most favorable to the People, was "competent evidence which, if accepted as true, would establish every element of an offense charged and the defendant's commission thereof" (CPL 70.10 [1]; 290.10 [1]; see, People v Vasquez, 142 AD2d 698, 700-701, lv denied 72 NY2d 1050). Further, the jury verdict was not against the weight of the evidence (see, People v Bleakley, 69 NY2d 490, 495).

We have reviewed defendant's remaining contentions and we find them either unpreserved for our review, or where preserved, to be lacking in merit. (Appeal from judgment of Oneida County Court, Auser, J.—assault, second degree.) Present—Doerr, J. P., Boomer, Pine, Lawton and Davis, JJ.