In the Matter of PETER G. SECORE, Appellant, v DOMINIC J. MANTELLO, as Superintendent of Wende Correctional Facility, et al., Respondents.—Judgment unanimously affirmed. Memorandum: Petitioner appeals from a judgment denying his petition to annul a determination revoking parole and imposing a five-year hold period before he can be reconsidered for parole. We conclude that the petition was properly denied. Petitioner failed to exhaust his administrative remedies on the issue of the excessiveness of the five-year hold period. Subsequent to commencement of this proceeding, the Appeals Unit determined that the recommended hold period exceeded two years and remitted the matter to the full Board of Parole for its determination. The record does not reveal whether the full Board has considered the issue or, if it did, the nature of its decision.

Petitioner failed to raise the remaining issues on his administrative appeal. Thus, those issues were not preserved for judicial review *(see, Matter of Milburn v New York State Div. of Parole,* 173 AD2d 1016). (Appeal from Judgment of Supreme Court, Erie County, Fudeman, J.—Article 78.) Present —Callahan, A. P. J., Boomer, Pine, Balio and Lawton, JJ.

 THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LINDA CUSACK, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant's contention that the court erred in failing to charge the defense of justification with respect to assault in the second degree, based on her alleged assault of a police officer, is unpreserved *(see, People v Pagan,* 162 AD2d 999, *lv denied* 77 NY2d 842; *People v Behlin,* 150 AD2d 591, *lv denied* 74 NY2d 805), and we decline to reach it in the interest of justice. We have examined her remaining argument on appeal and find it to be without merit. (Appeal from Judgment of Supreme Court, Erie County, Marshall, J.—Assault, 2nd Degree.) Present—Callahan, A. P. J., Boomer, Pine, Balio and Lawton, JJ.