THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLARENCE MARTIN, Appellant. [701 NYS2d 226] —Judgment unanimously affirmed. Memorandum: There is no merit to defendant's contention that the People failed to present legally sufficient evidence regarding the identification of defendant. The undercover officer who purchased marihuana from defendant testified that he knew defendant from previous encounters. On the day that he purchased the marihuana, the officer was able to observe defendant. Although the officer was unable to identify defendant from photographs shown at trial, that failure did not render his testimony concerning the identification of defendant so contradictory or unbelievable that it should be deemed insufficient as a matter of law (*see, People v Carter,* 63 NY2d 530, 537; *People v Drake,* 247 AD2d 855, 856, *lv denied* 92 NY2d 851). Because the verdict is supported by legally sufficient evidence, we conclude that County Court properly denied defendant's motion for a trial order of dismissal (*see, People v Carter, supra,* at 536; *People v Phillips,* 256 AD2d 733, 734-735; *People v Wilson,* 167 AD2d 946, 947, *lv denied* 77 NY2d 845). We further conclude that the verdict is not against the weight of the evidence. The credibility of the officer was for the jury to resolve, and it cannot be said that the jury failed to give the evidence the weight it should be accorded (*see, People v Bleakley,* 69 NY2d 490, 495). Finally, contrary to defendant's contention, the testimony of the officer that he knew that defendant's name was Clarence Martin was not hearsay (*see generally, People v Huertas,* 75 NY2d 487, 491-492). (Appeal from Judgment of Monroe County Court, Bristol, J.—Criminal Sale Marihuana, 3rd Degree.) Present—Pine, J. P., Hayes, Wisner, Pigott, Jr., and Scudder, JJ.

In the Matter of LISA A. CARRIGAN, Appellant, v MICHAEL L. GRIFFITH, Respondent. [700 NYS2d 786] —Order unanimously affirmed without costs. Memorandum: Family Court did not abuse its discretion by modifying the existing joint custodial arrangement to award respondent primary physical custody. That determination "is entitled to great weight and will not be set aside unless it lacks an evidentiary basis in the record" (*Matter of Samuel L. J. v Sherry H.,* 206 AD2d 886, *lv denied* 84 NY2d 810). Respondent has shown a greater interest in the child's schooling and is better able to support the child financially (*see, Fox v Fox,* 177 AD2d 209, 210). (Appeal from Order of Herkimer County Family Court, LaRaia, J.—Custody.) Present—Pine, J. P., Hayes, Wisner, Pigott, Jr., and Scudder, JJ.