# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1311**
**CA 15-01984**
PRESENT: WHALEN, P.J., CENTRA, LINDLEY, DEJOSEPH, AND SCUDDER, JJ.

---

IN THE MATTER OF THOMAS KRUPA,
PETITIONER-APPELLANT.

V                                                          MEMORANDUM AND ORDER

TINA M. STANFORD, CHAIRWOMAN, NEW YORK STATE
DIVISION OF PAROLE, RESPONDENT-RESPONDENT.

---

THOMAS KRUPA, PETITIONER-APPELLANT PRO SE.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (LAURA ETLINGER OF
COUNSEL), FOR RESPONDENT-RESPONDENT.

---

Appeal from a judgment (denominated order) of the Supreme Court, Oneida County (David A. Murad, J.), entered October 20, 2015 in a CPLR article 78 proceeding. The judgment dismissed the petition.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: Petitioner appeals from a judgment dismissing his CPLR article 78 petition seeking to vacate the determination of the New York State Board of Parole (Board) denying his release to parole supervision. As a preliminary matter, we note that petitioner's contention that the Board failed to consider his transition accountability plan was not raised in his administrative appeal or in the petition, and thus that contention is not properly before us (*see Matter of Secore v Mantello*, 176 AD2d 1244, 1244).

"It is well settled that parole release decisions are discretionary and will not be disturbed so long as the Board complied with the statutory requirements enumerated in Executive Law § 259-i . . . Judicial intervention is warranted only when there is a showing of irrationality bordering on impropriety" (*Matter of Fischer v Graziano*, 130 AD3d 1470, 1470 [internal quotation marks omitted]). Here, the record establishes that the Board properly considered the requisite factors and adequately set forth its reasons to deny petitioner's application for release (*see id.*). We conclude "that there was no showing of irrationality bordering on impropriety" (*id.* [internal quotation marks omitted]; *see Matter of Silmon v Travis*, 95 NY2d 470, 476). We have reviewed petitioner's remaining contentions and

conclude that none requires reversal or modification of the judgment.

Entered:  December 23, 2016                    Frances E. Cafarell
                                               Clerk of the Court