Matter of Thomas v Stanford (2020 NY Slip Op 01760)





Matter of Thomas v Stanford


2020 NY Slip Op 01760


Decided on March 13, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, CURRAN, WINSLOW, AND BANNISTER, JJ.


196 CA 18-00726

[*1]IN THE MATTER OF VICTOR K. THOMAS, PETITIONER-APPELLANT,
v
TINA M. STANFORD, CHAIRWOMAN, NEW YORK STATE BOARD OF PAROLE AND THOMAS KUBINIEC, ADMINISTRATIVE LAW JUDGE, RESPONDENTS-RESPONDENTS. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (JANE I. YOON OF COUNSEL), FOR PETITIONER-APPELLANT.
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (HEATHER MCKAY OF COUNSEL), FOR RESPONDENTS-RESPONDENTS. 


 Appeal from a judgment (denominated order) of the Supreme Court, Erie County (M. William Boller, A.J.), entered February 9, 2018 in a proceeding pursuant to CPLR article 78. The judgment dismissed the petition. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.
Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul a determination revoking his release to parole supervision upon his plea of guilty to violating a condition of his parole that precluded him from "possess[ing] a smart phone, with internet, camera [and] video capabilities, without permission from his parole officer." The determination was affirmed on administrative appeal. Petitioner now appeals from a judgment dismissing the petition, and we affirm.
Petitioner contends that the subject parole condition violated his right to free speech. Petitioner never raised that contention on administrative appeal, and he therefore failed to exhaust his administrative remedies with respect to that contention (see Matter of Espinal v Annucci, 173 AD3d 1850, 1851 [4th Dept 2019]; see also Matter of Secore v Mantello, 176 AD2d 1244, 1244 [4th Dept 1991]; People ex rel. Cotton v Rodriquez, 123 AD2d 338, 339 [2d Dept 1986]). This Court has no discretionary authority to reach the contention (see Matter of Alvarez v Fischer, 94 AD3d 1404, 1406 [4th Dept 2012]; see generally Matter of Nelson v Coughlin, 188 AD2d 1071, 1071 [4th Dept 1992], appeal dismissed 81 NY2d 834 [1993]). We have considered petitioner's remaining contention and conclude that it does not warrant modification or reversal of the judgment.
Entered: March 13, 2020
Mark W. Bennett
Clerk of the Court