■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY HESS, Appellant. [653 NYS2d 216] —Judgment affirmed. Memorandum: On appeal from a judgment convicting him upon a jury verdict of rape in the first degree, assault in the second degree, endangering the welfare of a child, assault in the third degree (three counts), intimidation of a witness in the third degree, criminal trespass in the second degree, and criminal contempt in the second degree, defendant contends that he was deprived of a fair trial by prosecutorial misconduct. By failing to object to most of the statements by the prosecutor that are now alleged to constitute misconduct, defendant failed to preserve for our review his contentions with respect to those statements (*see,* CPL 470.05 [2]; *People v Jacobs,* 225 AD2d 1088, *lv denied* 88 NY2d 880). In those instances in which defendant objected to the alleged misconduct, and in one instance in which defendant did not object, "the trial court took appropriate steps to dilute its effect" (*People v Curley,* 159 AD2d 969, 970, *lv denied* 76 NY2d 733). Although we do not condone the prosecutor's statements, "we find that the Judge's firm control over the trial obviated any prejudice to defendant that might have resulted from the Prosecutor's misconduct" (*People v Christopher,* 170 AD2d 1020, 1021, *lv denied* 78 NY2d 921).

Prosecutorial misconduct warrants reversal " 'only when the conduct has caused such substantial prejudice to the defendant that he has been denied due process of law' " (*People v Rubin,* 101 AD2d 71, 77, quoting *People v Mott,* 94 AD2d 415, 419). Defendant admitted the facts underlying the three charges of assault in the third degree, the charge of intimidating a witness, and the charge of criminal contempt. Defendant admitted having hit the victim on other occasions, having grabbed her breast, and having threatened to burn her with a cigarette. Defendant also changed some aspects of his testimony on cross-examination. Defendant nevertheless contended that the sexual intercourse underlying the charge of first degree rape was consensual, and that he did not commit the crime of second

degree assault at that time. In light of the corrective measures taken by Supreme Court, the alleged prosecutorial misconduct would not have affected the jury's resolution of the credibility issue against defendant on the rape and second degree assault charges.

We further reject the contention that counsel was ineffective. Defendant received meaningful representation (*see, People v Satterfield,* 66 NY2d 796, 798-799; *People v Carr,* 234 AD2d 951 [decided herewith]).

All concur except Fallon and Boehm, JJ., who dissent and vote to reverse in the following Memorandum.

Fallon and Boehm (dissenting). We respectfully dissent. The blatant and repeated disregard by the prosecutor of Supreme Court's rulings and the manner in which the prosecutor infected the trial by the introduction of impermissible and highly prejudicial matters represent such examples of prosecutorial misconduct that we should not permit this verdict to stand.

The prosecutor repeatedly asked defendant in cross-examination whether various prosecution witnesses, including defendant's children, had lied in their testimony. Such cross-examination covered at least 23 pages of the trial transcript, and its impropriety is well established. "While we affirm this judgment of conviction, we write again to condemn, as forcefully as possible, prosecutorial cross-examination which compels a defendant to state that the police or other witnesses lied in their testimony. In light of the vast number of published judicial decisions criticizing this prosecutorial tactic, it is inconceivable that any prosecutor would be unaware of the impropriety of such conduct. If he is, he fails shamefully in the performance of his public function, as does a superior charged with his training; if he is not, but nevertheless pursues such a course, his conduct raises serious ethical concerns" (*People v Montgomery,* 103 AD2d 622).

The prosecutor improperly included in his cross-examination questions relating to uncharged incidents involving drugs. The court had previously precluded questioning regarding marihuana in the *Sandoval/ Ventimiglia* hearings. Notwithstanding that ruling, the prosecutor suggested to defendant that he got money by selling marihuana, that he got money by selling cocaine, that he got money by selling "hash", and that he got money by selling "acid". Defense counsel objected and the objection was sustained and the testimony stricken. At no time in the extensive *Sandoval* hearing was there any mention of drugs other than marihuana, nor did the prosecutor even argue

that there was a good faith basis for such questions or comply with CPL 240.43, which alone is ground for reversal (see, People v Beasley, 184 AD2d 1003; People v Heath, 175 AD2d 562).

Not satisfied by those improprieties, the prosecutor in his cross-examination of defendant was intemperate, sarcastic, insulting and contemptuous (see, People v Beckford, 138 AD2d 613; People v Grice, 100 AD2d 419; People v Mott, 94 AD2d 415).

There were other improprieties as well. In questioning the victim about an assault alleged to have occurred on January 5, 1992, charged in the sixth count of the indictment, the prosecutor asked if defendant had a shotgun "at that point". When defense counsel objected, the prosecutor said, "It's part and parcel of the incident, Your Honor." The jury was excused and after some colloquy it became clear that the shotgun was not at all "part and parcel of the incident" and defense counsel's objection was sustained. Nevertheless, in questioning defendant's sister, the prosecutor asked what else she saw "after [defendant] picked up the shotgun."

"Q. During this hour-and-a-half, after he picked up the shotgun, what else did you see?

"DEFENSE COUNSEL: Your Honor, objection to that question. He's not charged with threatening this woman or anything in regard to a shotgun.

"PROSECUTOR: I could care less about the shotgun, Your Honor.

"THE COURT: Gentlemen, let's not argue about this in front of the jury. I'll sustain the objection. Reword the question.

"Q. After he picked this item up, what else did you see him do?

"DEFENSE COUNSEL: I object again.

"THE COURT: Counsel, that's a very transparent attempt to avoid my ruling. The objection is sustained. We're not talking about a shotgun here. Let's move along."

After the Ventimiglia hearing, the court directed the prosecutor in his direct case not to use an incident in 1992 involving the victim. In blatant disregard of the court's ruling, the prosecutor questioned the victim regarding that incident. The court immediately terminated the testimony, asked counsel to approach the bench and then took a short recess.

In the history portion of the rape kit, there was a statement by the victim that defendant had raped her a week earlier, on February 7, 1993. Because the incident was not charged, the court sustained defense counsel's objection to the incident being raised by the prosecutor. Nevertheless, in his redirect ex-

amination of the physician, the prosecutor deliberately elicited that there was "forced intercourse" on February 7, 1993. There was a defense objection, the jury was excused and the court rebuked the prosecutor:

"THE COURT: Do you want a mistrial, counselor? Is that what we're trolling for here?

"PROSECUTOR: No.

"THE COURT: We've had a *Ventimiglia* hearing, we've had a *Sandoval* hearing, and we all know that entry is in the medical record. You not only asked him about it, you led with the information about another alleged criminal act. I'm just dismayed that you would ask that question."

The prosecutor's summation is replete with departures from the rules controlling closing argument. He engaged in gratuitous inflammatory attacks on defendant, improperly referred to defendant's "countless other beatings" of the victim that were outside the four corners of the indictment, made himself an unsworn witness, and improperly vouched for the credibility of his witnesses. His summation is a textbook example of error (*see, People v Paperno*, 54 NY2d 294; *People v Ashwal*, 39 NY2d 105; *People v Paul*, 229 AD2d 932).

A prosecutor represents the People before the bar of justice, and we look to him to demonstrate effectively, impartially and fairly a due regard for the law that he is there to protect. When his failure to do so is so egregious and so pervasive that by any recognized standard it deprives a defendant of a fair trial, then we are brought to the inescapable necessity of granting a new trial.

Thus, the judgment should be reversed and a new trial granted. (Appeal from Judgment of Supreme Court, Erie County, Dadd, J.—Rape, 1st Degree.) Present—Pine, J. P., Fallon, Wesley, Davis and Boehm, JJ.