■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTOINE J. FORD, Appellant. [672 NYS2d 199] —Judgment unanimously affirmed. Memorandum: On appeal from a judgment convicting him upon a jury verdict of murder in the second degree (Penal Law § 125.25 [2]), defendant contends that he was denied due process of law when County Court denied his renewed request for a *Huntley* hearing. The record establishes that defendant appeared in court on the date scheduled for the *Huntley* hearing and unequivocally informed the court three times that he waived his right to the *Huntley* hearing. There is no support in the record for defendant's contention that the waiver was conditioned on a plea agreement. We conclude that defendant knowingly, voluntarily and intelligently waived his right to a *Huntley* hearing.

The court's *Sandoval* ruling that defendant could be cross-examined with respect to his prior possession of 45 bags of marihuana was not an abuse of discretion (*see, People v Walker*, 83 NY2d 455, 458-459). The court "carefully balanced the probative value of the acts of misconduct against the potential for undue prejudice" (*People v Laraby*, 219 AD2d 817, *lv denied* 88 NY2d 849, 937).

Defendant failed to preserve for our review his contention that he was deprived of a fair trial by prosecutorial misconduct on summation (*see,* CPL 470.05 [2]; *People v Hess,* 234 AD2d 925, *lv denied* 90 NY2d 1011). In any event, that contention lacks merit (*see, People v Hess, supra*). We reject the further contention of defendant that the court abused its discretion by receiving in evidence an autopsy photograph of the victim; the photograph corroborated other evidence regarding the angle from which the shot was fired (*see, People v Stevens,* 76 NY2d 833, 835; *People v Pobliner,* 32 NY2d 356, 369, *rearg denied* 33 NY2d 657, *cert denied* 416 US 905).

The sentence is neither unduly harsh nor severe. (Appeal from Judgment of Oneida County Court, Donalty, J.—Murder, 2nd Degree.) Present—Green, J. P., Wisner, Pigott, Jr., Balio and Fallon, JJ.