■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERTA ROOT, Appellant. [747 NYS2d 822] —Appeal from a judgment of Supreme Court, Onondaga County (Brunetti, J.), entered February 2, 2001, convicting defendant after a jury trial of, inter alia, robbery in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting her after a jury trial of robbery in the second degree (Penal Law § 160.10 [2]) and grand larceny in the fourth degree (§ 155.30 [5]). We reject defendant's contention that the evidence is legally insufficient to support the conviction. Viewing the evidence in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621), we conclude that there is a "valid line of reasoning and permissible inferences which could lead a rational person to the conclusion reached by the jury on the basis of the evidence at trial" (People v Bleakley, 69 NY2d 490, 495). Also contrary to defendant's contention, the verdict is not against the weight of the evidence (see generally id.).

We reject the contention of defendant that she was denied a fair trial by prosecutorial misconduct. "Prosecutorial misconduct warrants reversal only when the conduct has caused such substantial prejudice to the defendant that he [or she] has been denied due process of law" (People v Hess, 234 AD2d 925, 925 [internal quotation marks omitted], lv denied 90 NY2d 1011). Here, the alleged misconduct was merely fair comment on the evidence (see People v Ashwal, 39 NY2d 105, 109-110) or fair response to the theories advanced by defense counsel (see People v Lewis, 277 AD2d 1022, lv denied 96 NY2d 802). Furthermore, Supreme Court took appropriate curative action to dilute any prejudice to defendant by reminding the jury that its own recollection of the testimony was controlling (see People v Galloway, 54 NY2d 396, 399; Hess, 234 AD2d at 925-926).

We further conclude that defendant was not denied effective assistance of counsel (*see generally People v Baldi*, 54 NY2d 137, 147). The sentence is not unduly harsh or severe. Present—Green, J.P., Wisner, Scudder, Burns and Gorski, JJ.