# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1292**

**KA 11-00817**

PRESENT: CENTRA, J.P., PERADOTTO, CARNI, SCONIERS, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V

MEMORANDUM AND ORDER

MAURICE SINKLER, DEFENDANT-APPELLANT.

---

MATTHEW D. NAFUS, SCOTTSVILLE, FOR DEFENDANT-APPELLANT.

MAURICE SINKLER, DEFENDANT-APPELLANT PRO SE.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (ERIN TUBBS OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Monroe County (Joseph D. Valentino, J.), rendered May 6, 2010. The judgment convicted defendant, upon a jury verdict, of criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]) and criminal possession of a weapon in the third degree (§ 265.02 [3]). Contrary to defendant's contention, Supreme Court properly discharged a sworn juror. A court must discharge a sworn juror who is grossly unqualified to serve in the case, i.e., a juror who "possesses a state of mind which would prevent the rendering of an impartial verdict" (*People v Buford*, 69 NY2d 290, 298 [internal quotation marks omitted]; *see* CPL 270.35 [1]). The juror here was grossly unqualified inasmuch as she indicated that she was having personal problems at home that prevented her from giving her undivided attention to the case, she had anxiety, and she stated that she could not be fair and impartial (*see People v Daniels*, 59 AD3d 730, 730-731, *lv denied* 12 NY3d 852; *People v Cook*, 275 AD2d 1020, 1020-1021, *lv denied* 95 NY2d 933).

Defendant failed to preserve for our review his contention that the evidence is legally insufficient with respect to the element of possession in both crimes inasmuch as his motion for a trial order of dismissal was not "specifically directed" at the alleged error now asserted on appeal (*People v Gray*, 86 NY2d 10, 19). In any event, his contention is without merit inasmuch as defendant admitted in his

statement to the police that his codefendant told him that she wanted to rob a store and handed him the handgun after he asked to see it. Contrary to defendant's further contention, viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495).

Defendant next contends that the court erred in denying his request to instruct the jury on the defense of temporary innocent possession of the handgun. We reject that contention. That instruction is warranted only where there is "proof in the record showing a legal excuse for [the defendant] having the weapon in his [or her] possession as well as facts tending to establish that, once possession has been obtained, the weapon had not been used in a dangerous manner" (*People v Williams*, 50 NY2d 1043, 1045; *see People v Ward*, 104 AD3d 1323, 1324-1325, *lv denied* 21 NY3d 1011). Viewing the evidence in the light most favorable to defendant (*see Williams*, 50 NY2d at 1044), we conclude that the jury could not have found that defendant's possession was innocent and, indeed, the evidence "is 'utterly at odds with . . . [a] claim of innocent possession' " (*People v Snyder*, 73 NY2d 900, 902, quoting *Williams*, 50 NY2d at 1045). We reject defendant's further contention that the sentence is unduly harsh and severe.

In his pro se supplemental brief, defendant contends that the court failed to make a proper inquiry regarding a conflict with his assigned counsel. We reject that contention. It is well settled that courts must " 'carefully evaluate serious complaints about counsel' " and should substitute counsel in situations where defendant demonstrates " 'good cause,' " such as a conflict of interest or other irreconcilable conflict with counsel (*People v Linares*, 2 NY3d 507, 510, quoting *People v Medina*, 44 NY2d 199, 207; *see People v Sides*, 75 NY2d 822, 824). Here, when defendant sought to "fire" defense counsel, the court's duty to inquire was not triggered inasmuch as defendant made only "generalized complaints about counsel" (*People v Augustine*, 89 AD3d 1238, 1240, *affd* 21 NY3d 949; *see Medina*, 44 NY2d at 208). It was not until defense counsel received a copy of a complaint sent by defendant to the Grievance Committee approximately two months later that an irreconcilable conflict arose, at which time the court assigned new counsel.

We reject defendant's further contentions in his pro se supplemental brief that the court erred in denying his request to withdraw his waiver of the probable cause and *Huntley* hearings and that defense counsel was ineffective for allowing him to waive those hearings. The record establishes that the waiver was made knowingly, voluntarily, and intelligently (*see People v Boyd*, 27 AD3d 1124, 1124, *lv denied* 7 NY3d 752; *People v Ford*, 249 AD2d 978, 978, *lv denied* 92 NY2d 924), and defendant failed "to demonstrate the absence of strategic or other legitimate explanations" for defense counsel's waiver of those hearings (*People v Rivera*, 71 NY2d 705, 709; *see People v Dennis*, 206 AD2d 843, 844, *lv denied* 84 NY2d 867; *People v Flemming*, 191 AD2d 987, 988, *lv denied* 82 NY2d 717; *People v Brown*,

122 AD2d 546, 546, *lv denied* 68 NY2d 810).

Entered:  December 27, 2013					Frances E. Cafarell
										Clerk of the Court