People v Ellington (2018 NY Slip Op 03039)





People v Ellington


2018 NY Slip Op 03039


Decided on April 27, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 27, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., DEJOSEPH, CURRAN, AND WINSLOW, JJ.


575 KA 14-01963

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JERRY L. ELLINGTON, DEFENDANT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (KIMBERLY F. DUGUAY OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (SCOTT MYLES OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Monroe County (Alex R. Renzi, J.), rendered April 16, 2014. The judgment convicted defendant, upon a jury verdict, of criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him, upon a jury verdict, of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]), defendant contends that Supreme Court erred in denying his request to instruct the jury on the defense of temporary innocent possession of the handgun. We reject that contention. In order to establish entitlement to such a charge,
" there must be proof in the record showing a legal excuse for having the weapon in [one's] possession as well as facts tending to establish that, once possession [was] obtained, the weapon [was not] used in a dangerous manner' " (People v Banks, 76 NY2d 799, 801 [1990], quoting People v Williams, 50 NY2d 1043, 1045 [1980]; see People v Holes, 118 AD3d 1466, 1467 [4th Dept 2014]). Viewing the evidence in the light most favorable to defendant (see People v Farnsworth, 65 NY2d 734, 735 [1985]; People v Sinkler, 112 AD3d 1359, 1360 [4th Dept 2013], lv denied 22 NY3d 1159 [2014]), we conclude that " there was no reasonable view of the evidence upon which the jury could have found that the defendant's possession was innocent' " (People v Ward, 104 AD3d 1323, 1324 [4th Dept 2013], lv denied 21 NY3d 1011 [2013]). Rather, defendant's conduct was "utterly at odds with any claim of innocent possession" (People v McCoy, 46 AD3d 1348, 1350 [4th Dept 2007], lv denied 10 NY3d 813 [2008] [internal quotation marks omitted]; see People v Hicks, 110 AD3d 1488, 1488 [4th Dept 2013], lv denied 22 NY3d 1156 [2014]; People v Smith, 63 AD3d 1655, 1655 [4th Dept 2009], lv denied 13 NY3d 839 [2009]; People v Sheehan, 41 AD3d 335, 335 [1st Dept 2007], lv denied 9 NY3d 993 [2007]). Contrary to defendant's further contention, the sentence is not unduly harsh or severe.
Entered: April 27, 2018
Mark W. Bennett
Clerk of the Court