■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MATTHEW S. GROTH, Appellant. [896 NYS2d 547]—

Appeal from a judgment of the Monroe County Court (Frank P. Geraci, Jr., J.), rendered September 5, 2008. The judgment convicted defendant, upon a jury verdict, of reckless assault of a child and assault in the third degree.

It is hereby ordered that the judgment so appealed from is reversed on the facts, the indictment is dismissed and the matter is remitted to Monroe County Court for proceedings pursuant to CPL 470.45.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of reckless assault of a child (Penal Law § 120.02 [1]) and assault in the third degree (§ 120.00 [2]). Viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349 [2007]), we agree with defendant that the verdict is against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Where, as here, a different finding from that reached by the jury would not have been unreasonable, we must " 'weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony' " and, because we find that the jury failed to give the evidence the weight it should be accorded, we set aside the verdict (*id.*).

The evidence presented at trial establishes that defendant's 2½-month-old baby was taken to the hospital, where he was found to have bleeding in the brain and in the eyes as well as two fractured ribs. The weight of the credible evidence and the reasonable inferences that may be drawn therefrom do not support a finding that defendant caused injury to the baby. There was evidence that the baby was exhibiting signs of distress, including having vomited two to three days before defendant was alleged to have injured him. Contrary to the People's contention, we do not view the statements of defendant to a police investigator as a confession that he caused the baby's injuries. At most, defendant admitted that he may have set the baby down too hard on a "pack and play," but the medical evidence presented at trial does not establish dropping the baby a foot or two onto a "pack and play" could have caused the injuries sustained by the baby. Rather, the medical testimony presented by the People established that a significant amount of force would be required to cause the baby's injuries. In the absence of a confession by defendant to the police, the single statement by defendant to his girlfriend that he was the one who hurt the baby does not establish defendant's guilt. Indeed, we conclude that the jury engaged in impermissible speculation in finding defendant guilty, and failed to give the evidence the weight it should be accorded on the issue whether defendant recklessly caused physical injury to his baby (Penal Law § 120.00 [2]), or recklessly caused serious physical injury to his baby's brain (§ 120.02 [1]). We therefore reverse the judgment, dismiss the indictment and remit the matter to County Court for proceedings pursuant to CPL 470.45.

All concur except Fahey, J., who dissents and votes to affirm in the following memorandum.

Fahey, J. (dissenting). I respectfully dissent and would affirm the judgment. Upon determining that an acquittal would not have been unreasonable, we must "weigh conflicting testimony, review any rational inferences that may be drawn from the evidence and evaluate the strength of such conclusions [and, b]ased on the weight of the credible evidence, [we must] then decide[ ] whether the jury was justified in finding the defendant guilty beyond a reasonable doubt" (*People v Danielson*, 9 NY3d 342, 348 [2007]). Viewing the evidence in light of the elements of the crimes of reckless assault of a child (Penal Law § 120.02 [1]) and assault in the third degree (§ 120.00 [2]) as charged to the jury, I conclude that the jury was justified in finding defendant guilty of those crimes beyond a reasonable doubt based, inter alia, on evidence concerning injuries sustained by defendant's infant son, including two rib fractures and cranial hemorrhaging. In addition, the People presented at trial a videotaped police interview of defendant in which he admitted that he once made a mental note that he may have set the infant down too hard and that the only logical explanation for the infant's injuries was the manner in which defendant set down the infant. At another point during the interview, defendant rejected the interviewer's suggestion that the infant's mother hurt the infant and, shortly before the conclusion of the interview, defendant explicitly acknowledged that he hurt the infant when he set the infant down on a Saturday morning. The indictment alleged that the infant was injured on a Saturday and, in my view, defendant's admissions during the interview were tantamount to a confession. The aforementioned evidence, coupled with the evidence that defendant admitted to the infant's mother that he could not see the infant because he "was the one that hurt him," compels the determination that "the jury was justified in finding the defendant guilty beyond a reasonable doubt" (*Danielson*, 9 NY3d at 348). Present—Smith, J.P., Centra, Fahey, Green and Pine, JJ.