# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**255**

**KA 10-01056**

PRESENT: SMITH, J.P., FAHEY, SCONIERS, VALENTINO, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

CRUSHAWN EVANS, DEFENDANT-APPELLANT.

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PHILIP ROTHSCHILD OF COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (JAMES P. MAXWELL OF COUNSEL), FOR RESPONDENT.

--------------------------------------------------------------------------------------------------------------

Appeal from a judgment of the Supreme Court, Onondaga County (John J. Brunetti, A.J.), rendered September 18, 2009.  The judgment convicted defendant, upon a nonjury verdict, of assault in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the facts, the indictment is dismissed and the matter is remitted to Supreme Court, Onondaga County, for proceedings pursuant to CPL 470.45.

Memorandum:  Defendant appeals from a judgment convicting him upon a nonjury verdict of assault in the second degree (Penal Law § 120.05 [4]).  The conviction arises from the accidental misfire of a sawed-off shotgun in Lincoln Park in Syracuse.  Defendant failed to preserve for our review his contention that the People failed to establish that he had the requisite reckless mental state and thus that the evidence is legally insufficient to support the conviction inasmuch as he failed to move for a trial order of dismissal specifically directed at the alleged insufficiency (*see People v Gray*, 86 NY2d 10, 19).

Defendant further challenges the weight of the evidence supporting the verdict, however, and we thus "necessarily review the evidence adduced as to each of the elements of the crime[] in the context of our review of defendant's challenge regarding the weight of the evidence" (*People v Caston*, 60 AD3d 1147, 1149).  "[B]ased on all the credible evidence[, we conclude that] a different finding would not have been unreasonable," and we therefore conduct an independent review of the trial evidence (*People v Bleakley*, 69 NY2d 490, 495).  "The Court of Appeals has recently reiterated that, in reviewing the weight of the evidence, we must 'affirmatively review the record; independently assess all of the proof; substitute [our] own

credibility determinations for those made by the [factfinder] in an appropriate case; determine whether the verdict was factually correct; and acquit a defendant if [we are] not convinced that the [factfinder] was justified in finding that guilt was proven beyond a reasonable doubt' " (*People v Oberlander*, 94 AD3d 1459, 1459, quoting *People v Delamota*, 18 NY3d 107, 116-117).  Upon our review, we conclude that the People failed to establish beyond a reasonable doubt that defendant "engage[d] in conduct which create[d] or contribute[d] to a substantial and unjustifiable risk that serious physical injury to another person by means of a deadly weapon . . . [would] occur" (CJI2d[NY] Penal Law § 120.05 [4]; *see generally Delamota,* 18 NY3d at 116-117).  The People's theory of the case was that defendant's recklessness was demonstrated by conduct including bringing a loaded firearm, i.e., a sawed-off shotgun, to the park; possessing that firearm in proximity to others; and holding it pointed at the victim while defendant was imbibing alcohol, disregarding the risk that it might misfire.  The People failed to establish beyond a reasonable doubt that defendant engaged in any of those activities.  Indeed, they failed to present any evidence establishing that defendant brought the gun to the park; that the gun belonged to defendant; and that defendant had any knowledge that the gun was loaded with live ammunition or was aware of—and consciously disregarded—the risk that it might misfire (*see generally* Penal Law § 15.05 [3]).  The only witness who observed defendant with the gun testified that as defendant "was picking it up it just went off."  None of the three witnesses to the shooting, including the witness who observed defendant with the gun, testified that defendant pointed the gun at the victim at any time.  Thus, although there was undisputed evidence of a serious physical injury and credible testimony that there was a deadly weapon in the park, we conclude that Supreme Court, as the factfinder, "failed to give the evidence the weight it should be accorded on the issue whether defendant recklessly caused [serious] physical injury" by means of a deadly weapon or a dangerous instrument (*People v Groth*, 71 AD3d 1391, 1392).  Consequently, we reverse the judgment of conviction and dismiss the indictment.  In light of our determination, we need not consider defendant's remaining contentions.

Entered:  March 22, 2013                          Frances E. Cafarell
                                                  Clerk of the Court