# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

682

KA 13-01428

PRESENT: CENTRA, J.P., LINDLEY, SCONIERS, VALENTINO, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                               MEMORANDUM AND ORDER

CYNTHIA HOLES, DEFENDANT-APPELLANT.

---

MICHAEL J. STACHOWSKI, P.C., BUFFALO (MICHAEL J. STACHOWSKI OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (DAVID PANEPINTO OF COUNSEL), FOR RESPONDENT.

---------------------------------------------------------------------------------------

Appeal from a judgment of the Erie County Court (Michael F. Pietruszka, J.), rendered August 16, 2013.  The judgment convicted defendant, upon a nonjury verdict, of criminal possession of a weapon in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the facts, the indictment is dismissed and the matter is remitted to Erie County Court for proceedings pursuant to CPL 470.45.

Memorandum:  On appeal from a judgment convicting her following a nonjury trial of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]), defendant contends that County Court misapplied the law to the facts and thereby rendered a verdict that is against the weight of the evidence.  More specifically, defendant contends that the People failed to prove beyond a reasonable doubt that her possession of the weapon in question was not temporary and innocent.  We agree with defendant.

The relevant facts are generally undisputed.  Shortly after 6:00 p.m. on August 14, 2011, defendant was walking to a store in Buffalo with her half-brother, among other people.  At the time, defendant was 35 years old, gainfully employed, and had no criminal record.  In fact, she had not previously been arrested.  Before reaching the store, defendant's half-brother became involved in an argument with a man who had waved at him and defendant.  Defendant unsuccessfully attempted to persuade her half-brother to walk away from the dispute.  Defendant's half-brother then handed her a loaded handgun and assaulted the man and a woman who was with him.  Someone called 911 and, when the police arrived minutes later, they reported that the assailant had possessed a handgun.  After stopping defendant's half-brother and determining that he did not possess a gun, the police

stopped defendant, who was still in the vicinity, and discovered the weapon in her waistband.  She was thereafter arrested and charged with criminal possession of a weapon in the second degree.  It is undisputed that the gun in question belonged to defendant's half-brother, who was also charged with criminal possession of a weapon in the second degree.

"Under our law, in certain circumstances, the possession of a weapon may be innocent and not criminal.  Innocent possession of a weapon is possession that is temporary and not for an unlawful purpose" (CJI2d[NY] Temporary and Lawful Possession; *see People v Almodovar*, 62 NY2d 126, 130).  "This defense of 'temporary and lawful' possession applies because as a matter of policy the conduct is not deemed criminal" (*Almodovar*, 62 NY2d at 130).  Furthermore, a "defendant is not required to prove that h[er] possession of the weapon was innocent.  Rather, the People are required to prove beyond a reasonable doubt both that the defendant knowingly possessed the weapon and that such possession was not innocent" (CJI2d[NY] Temporary and Lawful Possession).  For this defense to be considered by the trier of fact, "there must be proof in the record showing a legal excuse for having the weapon in [one's] possession as well as facts tending to establish that, once possession [was] obtained, the weapon [was] not used in a dangerous manner" (*People v Williams*, 50 NY2d 1043, 1045; *see People v Banks*, 76 NY2d 799, 801).

In determining whether a verdict is contrary to the weight of the evidence, we must "affirmatively review the record; independently assess all of the proof; substitute [our] own credibility determinations for those made by the [factfinder]; determine whether the verdict was factually correct; and acquit a defendant if [we are] not convinced that the [factfinder] was justified in finding that guilt was proven beyond a reasonable doubt" (*People v Delamota*, 18 NY3d 107, 116-117; *see People v Evans*, 104 AD3d 1286, 1287).  Here, based on our independent review of the record, and viewing the evidence in light of the elements of the crime in this nonjury trial (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the People failed to prove beyond a reasonable doubt that defendant's possession of the weapon was not temporary and lawful.

The evidence established that defendant was the involuntary recipient of the weapon from her half-brother, who was in the process of starting a fight with strangers.  Defendant attempted unsuccessfully to persuade her half-brother to withdraw from the altercation, and there is no evidence that she knew that he possessed a weapon or that the gun was real or loaded.  Moreover, defendant did not use the weapon in a dangerous manner, and she did not have a sufficient opportunity to dispose of it lawfully.  We also note that defendant testified for the prosecution during the trial of her half-brother, a predicate felon, who was convicted of possessing the weapon and sentenced to state prison.  Unlike in other cases we have recently decided involving weapons charges, the evidence here is not " 'utterly at odds with [any] claim of innocent possession' " (*People v Robinson*, 63 AD3d 1634, 1635, *lv denied* 13 NY3d 799; *see People v Smith*, 63 AD3d 1655, 1655, *lv denied* 13 NY3d 839).  We thus conclude that the verdict

is against the weight of the evidence and that the indictment must be dismissed.