People v Holmes (2021 NY Slip Op 06522)





People v Holmes


2021 NY Slip Op 06522


Decided on November 19, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 19, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, TROUTMAN, WINSLOW, AND DEJOSEPH, JJ.


997 KA 16-01243

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ANTHONY C. HOLMES, ALSO KNOWN AS ANTHONY HOLMES, JR., ALSO KNOWN AS TONY HOLMES, DEFENDANT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER, JEFFREY WICKS, PLLC (JEFFREY WICKS OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Monroe County Court (Thomas R. Morse, A.J.), rendered June 1, 2016. The judgment convicted defendant after a nonjury trial of criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him following a nonjury trial of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]). Defendant contends that the evidence is legally insufficient to disprove the defense of temporary and innocent possession, and that the verdict is against the weight of the evidence. We reject those contentions. "[P]ossession of a weapon may be innocent and not criminal" (People v Holes, 118 AD3d 1466, 1467 [4th Dept 2014] [internal quotation marks omitted]; see People v Almodovar, 62 NY2d 126, 130 [1984]). "Innocent possession of a weapon is possession that is temporary and not for an unlawful purpose" (Holes, 118 AD3d at 1467 [internal quotation marks omitted]; see Almodovar, 62 NY2d at 130). "Temporary and lawful possession may be established where there is 'a legal excuse for having the weapon . . . as well as facts tending to establish that, once possession has been obtained, the weapon ha[s] not been used in a dangerous manner' " (People v Curry, 85 AD3d 1209, 1211 [3d Dept 2011], lv denied 17 NY3d 815 [2011], quoting People v Williams, 50 NY2d 1043, 1045 [1980]). When a temporary and lawful possession defense is raised, it is incumbent on the People to disprove it beyond a reasonable doubt (see Holes, 118 AD3d at 1467).
Viewing the evidence in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), we conclude that "there is a valid line of reasoning and permissible inferences from which a rational [factfinder] could have found that the People disproved the defense" of temporary and lawful possession beyond a reasonable doubt (People v Allen, 36 NY3d 1033, 1034 [2021]; see People v Alls, 117 AD3d 1190, 1191-1192 [3d Dept 2014]; People v Lucas, 94 AD3d 1441, 1441 [4th Dept 2012], lv denied 19 NY3d 964 [2012]). Among other things, defendant admitted that he possessed a weapon and fired it twice. In addition, viewing the evidence in light of the elements of the crime in this nonjury trial (see People v Danielson, 9 NY3d 342, 349 [2007]), we reject defendant's contention that the verdict is against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Defendant testified that he took possession of the weapon from another during an altercation, which in some circumstances may establish temporary and lawful possession (see Almodovar, 62 NY2d at 130; People v Hicks, 110 AD3d 1488, 1488 [4th Dept 2013], lv denied 22 NY3d 1156 [2014]; Curry, 85 AD3d at 1211; People v Gonzalez, 262 AD2d 1061, 1061 [4th Dept 1999], lv denied 93 NY2d 1018 [1999]). Other testimony, however, and rational inferences that may be drawn therefrom, established that defendant did not recover the weapon from anyone prior to the [*2]shooting, and County Court's determination to reject defendant's testimony to the contrary is in accord with the weight of the evidence (see People v Pierre, 194 AD3d 580, 580-581 [1st Dept 2021], lv denied 37 NY3d 974 [2021]). In addition, the court was justified in concluding beyond a reasonable doubt that defendant used the weapon in a dangerous manner and that his possession of the weapon was not innocent (see id. at 581; see generally Williams, 50 NY2d at 1045).
Entered: November 19, 2021
Ann Dillon Flynn
Clerk of the Court