OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed. Viewing the testimony in a light most favorable to the defendant (People v Steele, 26 NY2d 526), the failure to grant the request to charge the jury on innocent possession of a *1045 firearm does not constitute reversible error. It is settled that possession — an essential element of criminal possession of a weapon — does not turn upon physical handling of the prohibited weapon alone. There are instances, therefore, in which possession might result unavoidably from the performance of some lawful act and would not constitute a crime (People v La Pella, 272 NY 81; People v Persce, 204 NY 397, 402; see, also, People v Furey, 13 AD2d 412). While it would be unwise to detail here those instances in which an innocent possession charge might be warranted, it suffices to note that the underlying purpose of the charge is to foster a civic duty on the part of citizens to surrender dangerous weapons to the police (People v La Pella, supra). Thus, to trigger the right, there must be proof in the record showing a legal excuse for having the weapon in his possession as well as facts tending to establish that, once possession has been obtained, the weapon had not been used in a dangerous manner (People v La Pella, supra; People v Persce, supra).
In the present case, the evidence is utterly at odds with any claim of innocent possession. Upon discovering the gun, defendant removed the weapon and secreted it in a new hiding place, removing it when it suited his own purpose and handling it in a manner which may be charitably characterized as reckless. Hence, giving an innocent possession charge in these circumstances was not warranted.