OPINION OF THE COURT
 

 Memorandum.
 

 The orders of the Appellate Division should be affirmed.
 

 We agree with the Appellate Division that there was no reasonable view of the evidence under which the jury could have found defendants’ possession of the weapon to be innocent. Accordingly, defendants were not entitled to the instructions for temporary lawful possession and cannot now complain about the substance of the court’s charge to the jury.
 

 Defendants, two brothers, wrested a loaded pistol from Bruce Van Allen while assaulting him during an altercation outside a bar. They then walked to their nearby home and discussed what to do with the gun. After considering throwing it in a river, burying it, or placing it in a mailbox, they decided to put off the disposition of the gun until the next day. Defendants made no effort to report the incident to the State Police, notwithstanding that the barracks were around the corner from the bar and that the police were at the scene
 
 *902
 
 when defendants returned there one-half hour later. Indeed, Wayne Snyder had removed the clip from the gun and placed it under his bed, where it remained until it was retrieved the next morning by the State Police. This evidence is "utterly at odds with [defendants’] claim of innocent possession”
 
 (People v Williams,
 
 50 NY2d 1043, 1045) "temporarily and. incidentally [resulting] from * * * disarming a wrongful possessor”
 
 (People v Persce,
 
 204 NY 397, 402).
 

 Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
 

 Orders affirmed in a memorandum.