OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed and the matter remitted to that court for further proceedings pursuant to CPL 470.40 (2) (b).
Even when viewed in the light most favorable to the defendant (People v Steele, 26 NY2d 526), there is no reasonable view of the trial evidence upon which the jury could have found defendant’s possession of a loaded .38 calibre automatic pistol to be innocent and lawful. Accordingly, the trial court properly denied defendant’s request for a charge on the defense of temporary and lawful possession.
Although the People sought to prove that the police recovered the gun from a brown paper bag in defendant’s- pants pocket after he and his codefendant Carson Love had committed a robbery, the defendant testified that he acquired the gun by disarming another in a fight. According to defendant, when he accompanied Love to a park in Manhattan to conduct a marihuana transaction with one Freddie Benes, Love and Benes began to fight. When somebody yelled that Benes was going to get something, defendant grabbed Benes’ arm and picked up a paper bag from the ground before Benes could grab it. Defendant felt the shape of a gun in the bag, put the bag in his pants pocket and as they left the park defendant told Love about the gun. Although defendant claimed that he did not throw the gun away in the park because he was afraid someone there would use it against him, he told Love that he intended to take it to Queens and testified at trial that he intended to throw the gun down a sewer in Queens.
*801 While it is settled that the mere possession of a weapon is not criminal in every instance, we have said that "to trigger the right [to a charge of temporary and lawful possession] there must be proof in the record showing a legal excuse for having the weapon in [defendant’s] possession as well as facts tending to establish that, once possession has been obtained, the weapon had not been used in a dangerous manner”. (People v Williams, 50 NY2d 1043, 1045.) Here, after initially acquiring the weapon by "taking” it from Benes under circumstances that could be deemed justified, defendant concealed the weapon on his person and determined to transport it through the streets and on the subway into Queens where he proposed to "throw it down a sewer.” This evidence was " 'utterly at odds with any claim of innocent possession’ ” (People v Snyder, 73 NY2d 900, 902, quoting People v Williams, 50 NY2d, at 1045, supra) temporarily resulting from disarming a wrongful possessor (People v Persce, 204 NY 397, 402).
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order reversed and case remitted to the Appellate Division, First Department, for further proceedings in accordance with the memorandum herein.