■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN MCGLOTHIN, Appellant. [773 NYS2d 883]—

Appeal by the defendant from a judgment of the County Court, Nassau County (Cotter, J.), rendered April 3, 2002, convicting him of murder in the first degree (four counts) and robbery in the first degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (*see People v Williams,* 84 NY2d 925 [1994]). Moreover, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the trier of fact, which saw and heard

the witnesses (*see People v Gaimari,* 176 NY 84, 94 [1903]). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see People v Garafolo,* 44 AD2d 86, 88 [1974]). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

The County Court providently exercised its discretion in limiting the defendant's cross-examination of a witness concerning the potential motive of another person to commit the murders with which the defendant was charged. The defense counsel's offer of proof concerning that other person's purported motive was illogical, and the evidence he sought to elicit was "too slight, remote [and] conjectural to have any legitimate influence in determining the fact in issue" (*People v Martinez,* 177 AD2d 600, 601 [1991]; *see People v Primo,* 96 NY2d 351 [2001]; *People v Sawyer,* 304 AD2d 775 [2003]).

Nor did the County Court improvidently exercise its discretion in admitting into evidence certain photographs and X-rays of the deceased victims, since those items tended "to prove . . . material issue[s]," and "to illustrate or elucidate other relevant evidence" (*People v Pobliner,* 32 NY2d 356, 369 [1973], *cert denied* 416 US 905 [1974]).

The County Court properly denied that branch of the defendant's omnibus motion which was to suppress his statements during an interview with police officers following his arrest. The defendant was advised of his *Miranda* rights (*see Miranda v Arizona,* 384 US 436 [1966]), and knowingly and voluntarily waived those rights prior to the interview, and that interview was not a continuation of an earlier interview by a police officer from another jurisdiction concerning an entirely different matter (*cf. People v English,* 73 NY2d 20 [1989]). The defendant's contention that he requested that an attorney be present during the earlier interview is not supported by the record.

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]). Altman, J.P., Florio, Luciano and Mastro, JJ., concur.