■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEMETRIUS BELL, Appellant. [848 NYS2d 618]—

Judgment, Supreme Court, Bronx County (Martin Marcus, J.), rendered March 21, 2005, convicting defendant, after a jury trial, of criminal possession of a weapon in the second degree, and sentencing him, as a second felony offender, to a term of 14 years, unanimously affirmed.

The court properly denied defendant's suppression motion. The police had probable cause to arrest defendant based on information obtained from eyewitnesses and the subsequent investigation (*see People v Rodriquez*, 254 AD2d 181 [1998], *lv denied* 92 NY2d 985 [1998]). The arresting officer heard a radio transmission describing a car and its occupants, giving the direction they were heading, and stating that defendant, one of the occupants, was wanted in connection with a homicide. Once the officer observed and recognized defendant in a vehicle which matched the description given in the radio transmission, he was entitled under the fellow officer rule to arrest defendant (*see People v Ketcham*, 93 NY2d 416 [1999]).

The court properly denied defendant's request for a charge on the defense of temporary and lawful possession since there was no reasonable view of the evidence, viewed in a light most favorable to defendant (*People v Steele*, 26 NY2d 526, 529 [1970]), to support such a charge. Even under defendant's version of the events, his conduct was "utterly at odds with any claim of innocent possession" (*People v Williams*, 50 NY2d 1043, 1045 [1980]; *see also People v Snyder*, 73 NY2d 900, 901-902 [1989]).

We perceive no basis for reducing the sentence. Concur—Lippman, P.J., Mazzarelli, Saxe, Williams and Buckley, JJ.