THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JERRY C. ROBINSON, JR., Appellant. [880 NYS2d 421]—

Appeal from a judgment of the Supreme Court, Monroe County (Francis A. Affronti, J.), rendered January 3, 2006. The judgment convicted defendant, upon a jury verdict, of criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of criminal possession of a weapon in the second degree (Penal Law § 265.03 [former (2)]) and criminal possession of a weapon in the third degree (§ 265.02 [former (4)]). We reject defendant's contention that Supreme Court erred in refusing to charge the defense of temporary innocent possession of the firearm that is the subject of the indictment. Viewing the evidence in the light most favorable to defendant (*see People v Caldarola*, 45 AD3d 600 [2007], *lv denied* 10 NY3d 957 [2008]), we conclude that, although there is a reasonable view of the evidence upon which the jury could have found that defendant had a lawful basis for his initial possession of the firearm, there is no reasonable view of the evidence upon which the jury could have found that defendant's use of the firearm thereafter was lawful (*see generally People v Banks*, 76 NY2d 799, 801 [1990]; *People v Williams*, 50 NY2d 1043, 1045 [1980]).

According to his own written statement to the police as well

as his trial testimony, defendant was holding the firearm when he intentionally sought out an individual hiding in the bathroom whom he suspected of having sexual relations with the mother of his friend's children (*see generally People v Britton*, 27 AD3d 1014, 1015 [2006], *lv denied* 6 NY3d 892 [2006]). Defendant then waved the firearm around the bathroom in the presence of that individual and two other individuals who had followed him into the bathroom (*see generally People v Pereira*, 220 AD2d 696, 697 [1995], *lv denied* 87 NY2d 1023 [1996]). When the individual escaped from the bathroom and ran from the house, defendant chased after him, again with the firearm in hand, at which time the firearm discharged. Defendant thereafter left the scene with the gun and hid it on a shelf in his sister's basement (*see generally People v Gonzalez*, 262 AD2d 1061 [1999], *lv denied* 93 NY2d 1018 [1999]). When defendant saw the police arrive at his sister's house, he gave the gun to his brother and asked his brother to hide the gun for him. Defendant then attempted to avoid arrest by fleeing out the back door of his sister's house. Such conduct is "utterly at odds with [any] claim of innocent possession . . . temporarily and incidentally [resulting] from . . . disarming a wrongful possessor" (*People v Snyder*, 73 NY2d 900, 902 [1989] [internal quotation marks omitted]; *see People v McCoy*, 46 AD3d 1348, 1349-1350 [2007], *lv denied* 10 NY3d 813 [2008]; *People v Bell*, 46 AD3d 385 [2007], *lv denied* 10 NY3d 808 [2008]).

Finally, we conclude that the sentence is not unduly harsh or severe. Present—Scudder, P.J., Martoche, Fahey, Carni and Pine, JJ.