# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**827**

**KA 11-00255**

PRESENT: CENTRA, J.P., CARNI, LINDLEY, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                              MEMORANDUM AND ORDER

CARL J. HOLMES, DEFENDANT-APPELLANT.

---

FRANK S. FALZONE, BUFFALO (LOUIS ROSADO OF COUNSEL), FOR
DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (GEOFFREY KAEUPER OF
COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Monroe County
(Daniel J. Doyle, J.), rendered March 18, 2009.  The judgment
convicted defendant, upon a jury verdict, of attempted murder in the
second degree and criminal possession of a weapon in the second degree
(two counts).

It is hereby ORDERED that the judgment so appealed from is
unanimously affirmed.

Memorandum:  On appeal from a judgment convicting him following a
jury trial of attempted murder in the second degree (Penal Law §§
110.00, 125.25 [1]) and two counts of criminal possession of a weapon
in the second degree (§ 265.03 [1] [b]; [3]), defendant contends that
the evidence was insufficient to convict him of attempted murder and
that Supreme Court erred in its instructions to the jury.  We reject
those contentions.

The evidence at trial established that, on the morning of August
30, 2008, Corey Sparrow, James Houston, and a third unnamed man
confronted defendant and Jaime Smith at Smith's store on Genesee
Street in the City of Rochester, and demanded money from Smith.  After
an altercation, defendant disarmed the third man and secured his gun.
Although defendant called 911, he left in a car with Smith before the
police arrived.  Smith and defendant initially followed a car occupied
by Sparrow, Houston, and the third man toward a prearranged meeting
spot but, at defendant's direction, Smith drove to the two-apartment
house in which defendant's mother resided.  Defendant testified that
he so directed Smith because Sparrow and Houston, who were on parole
and probation, respectively, had made threats against defendant's
family when he called 911 at Smith's store.  The car occupied by
Sparrow, Houston, and the third man pulled up on the street near
defendant and Smith, and Sparrow approached defendant, who was sitting

in the passenger seat of Smith's car.  Sparrow, agitated, threatened defendant and, according to defendant, appeared to reach for a gun in his waistband.  Defendant, using the gun acquired from the third man in the altercation at Smith's store, shot Sparrow three times, inflicting fatal injuries.

Defendant then climbed into the driver's seat of Smith's car and started to flee, but turned the car around and drove back toward Houston, who was in the side yard of the house where defendant's mother lived.  Defendant fired gunshots at Houston from the moving vehicle.  One bullet struck Houston in the elbow, and another bullet struck the side of the house.  Defendant fled the scene, disposed of the gun and, after a few days, turned himself in to the police.  Defendant was charged with second-degree murder and attempted second-degree murder with respect to the shootings of Sparrow and Houston, respectively, second-degree criminal possession of a weapon charges associated with each of those shootings, and an additional second-degree criminal possession of a weapon charge.  At trial, defendant was acquitted of the murder and weapon possession charge related to the shooting of Sparrow, but was convicted of the attempted murder of Houston and the remaining two weapon possession charges.

Defendant contends that the evidence was insufficient to convict him of the attempted murder of Houston because there is no evidence that he intended to kill Houston instead of injuring him, and the injuries suffered by Houston did not place Houston at "actual risk of death."  Not only is that contention unpreserved by a motion for a trial order of dismissal specifically directed at that alleged insufficiency (*see generally People v Hawkins*, 11 NY3d 484, 492), we conclude that it is without merit.  "[T]he crime of attempted second degree murder is committed when, with the intent to cause the death of another person, one engages in conduct which tends to effect commission of that crime . . . Where those elements converge, an attempted murder has occurred, regardless of whether the defendant has killed or even injured his or her intended target.  In other words, the crime of attempted murder does not require actual physical injury to a victim at all" (*People v Fernandez*, 88 NY2d 777, 783).  Here, the testimony at trial, which included witness descriptions of defendant "chasing" Houston, who was "running for his life," and then firing gunshots at Houston as he drove toward him, was sufficient to support the jury's conclusion that defendant intended to kill Houston, regardless of the severity of the injury actually suffered by Houston.

Defendant further contends that the court erred in refusing to instruct the jury, pursuant to Penal Law § 35.20 (3), that it was required to determine if defendant was justified in using deadly physical force to prevent Houston from committing or attempting to commit a burglary of his mother's apartment.  Even assuming, arguendo, that defendant was "licensed or privileged to be in" his mother's apartment for purposes of section 35.20 (3), we conclude that there is no reasonable view of the evidence that Houston was committing or attempting to commit a burglary therein, and thus defendant was not entitled to a jury instruction under that statute (*see generally People v Cox*, 92 NY2d 1002, 1004-1005).  Defendant failed to preserve

for our review his contention that the court also should have given the jury a "choice of evils" instruction pursuant to Penal Law § 35.05 (*see People v LaPetina*, 9 NY3d 854, 855, *rearg denied* 13 NY3d 855), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

Finally, we reject defendant's contention that the court erred in refusing to instruct the jury on the defense of temporary innocent possession of the firearm as applicable to count five of the indictment. To warrant a jury instruction on that defense, "there must be proof in the record showing a legal excuse for having the weapon in [defendant's] possession as well as facts tending to establish that, once possession has been obtained, the weapon had not been used in a dangerous manner" (*People v Banks*, 76 NY2d 799, 801 [internal quotation marks omitted]). We conclude that, "although there is a reasonable view of the evidence upon which the jury could have found that defendant had a lawful basis for his initial possession of the firearm, there is no reasonable view of the evidence upon which the jury could have found that defendant's use of the firearm thereafter was lawful" (*People v Robinson*, 63 AD3d 1634, 1634, *lv denied* 13 NY3d 799). Indeed, defendant's decision to take the firearm with him after the initial altercation at Smith's store, despite having called 911, and keeping the firearm with him during his escalating confrontation with Sparrow is "utterly at odd's with [defendant's] claim of innocent possession" (*People v Snyder*, 73 NY2d 900, 902 [internal quotation marks omitted]; *see People v Ward*, 104 AD3d 1323, 1324-1325, *lv denied* 21 NY3d 1101). Despite defendant's contention to the contrary, "[i]t is well settled that justification is not a defense to a weapon possession count" (*People v Hawkins*, 113 AD3d 1123, 1124, *lv denied* 22 NY3d 1156 [internal quotation marks omitted]).

Entered: June 19, 2015                        Frances E. Cafarell
                                              Clerk of the Court