■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BALJIT SINGH, Appellant. [31 NYS3d 168]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Lasak, J.), rendered May 2, 2012, convicting him of manslaughter in the first degree and criminal possession of a weapon in the fourth degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

After a jury trial, the defendant was convicted of manslaughter in the first degree and two counts of criminal possession of a weapon in the fourth degree arising from an incident that oc-

curred in his home during the early morning hours of February 28, 2010. According to evidence presented at trial, the defendant and a close friend, Ranjit, got into a heated argument with a third man, Jimmy, at the defendant's home. Jimmy and Ranjit had been drinking that night, but the evidence was inconclusive whether the defendant also had been drinking. The argument escalated and Ranjit stabbed Jimmy in the chest. Then, the defendant stabbed Jimmy in the neck. Jimmy later died in the hospital.

At trial, the People presented numerous witnesses, including Ranjit, who testified pursuant to a cooperation agreement, and another person who was present at the time of the argument and stabbing. The defendant did not present any witnesses. The People's case included testimony that the argument began when Jimmy became very loud, vulgar, and aggressive in the defendant's home. Prior to being stabbed by Ranjit and the defendant, Jimmy brandished a large knife and threatened to stab and kill Ranjit, who Jimmy referred to as "Hindu" or "Punjab." In addition, there was testimony that Jimmy tried to kill Ranjit "first." Ranjit testified that he stabbed Jimmy because Jimmy had a knife and was prepared to use it by stabbing him or the defendant. A knife and a knife case were recovered from Jimmy's body.

On appeal, the defendant contends that the Supreme Court erred in denying his request for a charge regarding the justified use of deadly physical force to defend either himself or Ranjit against Jimmy's use of physical force in the defendant's home (*see generally* Penal Law § 35.15). We agree.

"A person is justified in using deadly force against another if he or she reasonably believes such to be necessary to defend himself or herself or a third person from what he or she reasonably believes to be the use or imminent use of deadly physical force by such other person" (*People v Heron*, 130 AD3d 754, 755 [2015]; *see* Penal Law § 35.15 [2]; *People v Ojar*, 38 AD3d 684, 684-685 [2007]). In considering whether a justification charge is warranted, a court must view the record in the light most favorable to the defendant and "determine whether any reasonable view of the evidence would permit the factfinder to conclude that the defendant's conduct was justified. If such evidence is in the record, the court must provide an instruction on the defense" (*People v Petty*, 7 NY3d 277, 284 [2006]; *see People v Butts*, 72 NY2d 746, 749 and n 1, 750 [1988]; *People v McManus*, 67 NY2d 541, 549 [1986]; *People v Padgett*, 60 NY2d 142, 144-145 [1983]; *People v Irving*, 130 AD3d 844, 845 [2015]; *People v Powell*, 101 AD3d 1369, 1371 [2012]). Thus, if there is

any reasonable view of the evidence on which the jury might decide that a defendant's actions were justified, the failure to charge the defense constitutes error (*see People v Maher*, 79 NY2d 978, 982 [1992]; *People v McManus*, 67 NY2d at 549; *People v Irving*, 130 AD3d at 845).

Unlike certain other defenses, a defendant is not statutorily required to provide the People with advance notice of a justification defense (*cf. e.g.* CPL 250.20), or to specifically plead justification (*cf.* CPL 220.15). "Ordinarily, the possibility of the defense would not appear until injected by the defendant" (*People v Steele*, 26 NY2d 526, 528 [1970]). However, the prosecution's case, in and of itself, may raise an issue of fact as to whether the defendant was justified in using force such that his or her conduct was entirely lawful (*see id.* at 528-529; *People v Zayas*, 88 AD3d 918, 920-921 [2011]; *see also People v Clark*, 129 AD3d 1, 36 [2015]).

Here, based upon the testimony of the People's witnesses, there was a reasonable view of the evidence that would permit the jury to conclude that the defendant reasonably believed that the use of deadly force was necessary to prevent Jimmy from using deadly force against the defendant or his friend, Ranjit (*see* Penal Law § 35.15 [1], [2] [a] [i]; *cf. People v Irving*, 130 AD3d at 844-845). There was testimony that, immediately before he was stabbed, Jimmy was belligerent and wielded a knife inside the defendant's home, and that he had threatened Ranjit's life. Significantly, Ranjit and another witness described Jimmy as the initial aggressor (*cf. People v Petty*, 7 NY3d at 285-286). Moreover, this incident occurred in the defendant's dwelling and, thus, to the extent that he believed that Jimmy was about to use deadly physical force against him, he was under no duty to retreat (*see* Penal Law § 35.15 [2] [a] [i]).

Accordingly, the Supreme Court erred in denying the defendant's request for a justification charge (*see* Penal Law § 35.15 [1], [2] [a] [i]; *cf. People v Irving*, 130 AD3d at 845). The error in failing to give the requested justification charge was not harmless, as it cannot be said that there was no significant probability that the verdict would have been different absent this error (*see People v Irving*, 130 AD3d at 845; *People v King*, 115 AD3d 873, 875 [2014]; *see also People v Powell*, 101 AD3d at 1373).

Since there must be a new trial, we note that there is no merit to the defendant's contention that the People violated *Brady v Maryland* (373 US 83 [1963]) by failing to turn over or translate phone calls made by Ranjit from Rikers Island to the defendant and his son prior to the defendant's arrest. Although

a prosecutor has a duty to turn over, upon the request of defense counsel, evidence favorable to the accused, evidence is not deemed to be Brady material where, as here, the defendant has knowledge of it (*see People v Rodriguez*, 223 AD2d 605, 606 [1996]).

The defendant's remaining contentions either are without merit or need not be reached in light of our determination. Leventhal, J.P., Miller, Maltese and Duffy, JJ., concur.