■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAAD SACKEY-EL, Appellant. [52 NYS3d 492]—

Appeal by the defendant from a judgment of the County Court, Orange County (De Rosa, J.), rendered December 18, 2008, convicting him of attempted murder in the second degree, assault in the first degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law and as a matter of discretion in the interest of justice, and a new trial is ordered.

The defendant was indicted on charges of attempted murder in the second degree, assault in the first degree, and criminal possession of a weapon in the third degree following an altercation with the complainant which resulted in the complainant suffering four stab wounds. At trial, the complainant testified that he and the defendant got into a physical fight during which the defendant repeatedly stabbed him with a knife. The defendant testified that the complainant came up behind him and punched him, then approached him with an object in his hand. The defendant testified that he tried to block the complainant by grabbing at the object, and that he caught the object in his hand and started swinging, trying to keep the complainant away so he did not get killed, as they rolled around on the ground. The County Court denied the defendant's request that the jury be charged on the defense of justification. The defendant was convicted of all charges.

We agree with the defendant that the County Court erred in denying his request for a charge on the defense of justification. "A person is justified in using deadly force against another if he or she reasonably believes such to be necessary to defend himself or herself . . . from what he or she reasonably believes to be the use or imminent use of deadly physical force by such other person" (*People v Heron*, 130 AD3d 754, 755 [2015]; *see* Penal Law § 35.15 [2]; *People v Umali*, 10 NY3d 417, 425

[2008]; *People v Singh*, 139 AD3d 761 [2016]). A justification defense is generally not available to the initial aggressor (*see* Penal Law § 35.15 [1] [b]; *People v Walker*, 26 NY3d 170, 175 [2015]), and an actor outside of his or her home "may not use deadly physical force if he or she knows that with complete personal safety, to oneself and others he or she may avoid the necessity of so doing by retreating" (Penal Law § 35.15 [2] [a]). "A trial court must charge the factfinder on the defense of justification 'whenever there is evidence to support it'" (*People v Petty*, 7 NY3d 277, 284 [2006], quoting *People v McManus*, 67 NY2d 541, 549 [1986]). Viewing the evidence in the light most favorable to the defendant, if any reasonable view of the evidence would permit the jury to conclude that the defendant's conduct was justified, the court must provide the instruction, if requested (*see People v Petty*, 7 NY3d at 284; *People v Butts*, 72 NY2d 746, 750 [1988]; *People v McManus*, 67 NY2d at 549; *People v Padgett*, 60 NY2d 142, 144-145 [1983]).

Here, viewing the evidence in the light most favorable to the defendant, there was a reasonable view of the evidence that the complainant was the aggressor, that the defendant could not safely retreat, that the defendant's actions during the fight caused the complainant's injuries, and that the defendant's actions were justified. The fact that the defendant did not testify that he stabbed the complainant did not preclude a charge as to a justification defense, since the evidence, viewed as a whole, supported such a charge (*see People v Butts*, 72 NY2d at 750; *People v Singh*, 139 AD3d 761 [2016]; *People v Smith*, 62 AD3d 411 [2009]; *People v Suarez*, 148 AD2d 367 [1989]; *People v Huntley*, 87 AD2d 488 [1982], *affd* 59 NY2d 868 [1983]). The error in failing to give the requested justification charge was not harmless, as it cannot be said that there was no significant probability that the verdict would have been different absent this error (*see People v Crimmins*, 36 NY2d 230, 242 [1975]; *People v Singh*, 139 AD3d 761 [2016]). Accordingly, we vacate the defendant's convictions of attempted murder in the second degree and assault in the first degree, and a new trial is ordered on those counts.

Justification is not a defense to criminal possession of a weapon (*see People v Pons*, 68 NY2d 264 [1986]; *People v Bailey*, 111 AD3d 1310 [2013]). However, we agree with the defendant that he was entitled to a jury charge on the defense of temporary and lawful possession of a weapon with respect to that count of the indictment (*see People v Almodovar*, 62 NY2d 126, 130-131 [1984]). Although this contention was not preserved for appellate review, we review it in the exercise of

our interest of justice jurisdiction (*see* CPL 470.15 [3] [c]; *People v Jenkins*, 93 AD2d 868 [1983]).

In some circumstances, a person may possess an unlicensed or proscribed weapon and still not be guilty of a crime because of the innocent nature of the possession (*see People v Almodovar*, 62 NY2d at 130). To warrant a jury instruction on the defense of temporary and lawful possession, "there must be proof in the record showing a legal excuse for [the defendant's possession of] the weapon . . . as well as facts tending to establish that, once possession has been obtained, the weapon had not been used in a dangerous manner" (*People v Banks*, 76 NY2d 799, 801 [1990]; *see People v Williams*, 50 NY2d 1043 [1980]; *People v Madore*, 145 AD3d 1440, 1442 [2016]; *People v Curry*, 85 AD3d 1209, 1211 [2011]). A person may be found to have had temporary and lawful possession of a weapon if he or she took the weapon from an assailant in the course of a fight (*see People v Banks*, 76 NY2d at 801; *People v Almodovar*, 62 NY2d at 130; *People v Hicks*, 110 AD3d 1488 [2013]; *People v Harmon*, 7 AD2d 159 [1959]). Viewing the evidence in the light most favorable to the defendant, there was a reasonable view of the evidence supporting this defense. The defendant testified that he only possessed the knife, if at all, when he attempted to disarm the complainant during the fight. Further, although the defendant's use of the knife thereafter resulted in the complainant being stabbed, should a jury believe that the defendant's use of the knife was justified, such use would have been lawful (*see People v Holmes*, 129 AD3d 1692, 1695 [2015]), and not "utterly at odds with [the defendant's] claim of innocent possession . . . temporarily and incidentally [resulting] from . . . disarming a wrongful possessor" (*People v Hawkins*, 113 AD3d 1123, 1124 [2014] [internal quotation marks omitted]; *cf. People v Banks*, 76 NY2d at 801; *People v Holmes*, 129 AD3d at 1695; *People v Robinson*, 63 AD3d 1634, 1634 [2009]). Accordingly, the County Court should have instructed the jury on the defense of temporary and lawful possession of a weapon (*see People v Almodovar*, 62 NY2d at 130; *People v Harmon*, 7 AD2d 159 [1959]). The failure to give the instruction was not harmless, as it cannot be said that there was no significant probability that the verdict would have been different had the instruction been given (*see People v Crimmins*, 36 NY2d at 242; *People v Singh*, 139 AD3d 761 [2016]). Accordingly, we vacate the defendant's conviction of criminal possession of a weapon in the third degree, and order a new trial on that count as well.

In light of our determination, we need not address the de-

fendant's remaining contentions. Leventhal, J.P., Cohen, LaSalle and Barros, JJ., concur.