THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JESSEMAR TAYLOR, Appellant. [53 NYS3d 702]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Tomei, J.), rendered May 14, 2012, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was charged with murder in the second degree and related crimes in connection with the fatal shooting of

Tyquan Joyner in Brooklyn on July 26, 2010. After a jury trial, the defendant was convicted of murder in the second degree.

The defendant contends that the Supreme Court erred in denying his request for a charge regarding the justified use of deadly physical force to defend himself against the use of deadly physical force. Contrary to the People's contention, this contention was preserved for appellate review (*see generally* CPL 470.05 [2]; *see also People v Clark*, 129 AD3d 1, 17 [2015], *affd* 28 NY3d 556 [2016]; *People v Floyd*, 34 AD3d 494, 494 [2006]). However, the court properly denied the defendant's request for a charge on the justification defense, since no reasonable view of the evidence supported such a charge. "A person is justified in using deadly force against another if he or she reasonably believes such to be necessary to defend himself or herself or a third person from what he or she reasonably believes to be the use or imminent use of deadly physical force by such other person" (*People v Heron*, 130 AD3d 754, 755 [2015] [internal quotation marks omitted]; *see* Penal Law § 35.15 [2]; *People v Singh*, 139 AD3d 761, 762 [2016]). In considering whether a justification charge is warranted, a court must view the record in the light most favorable to the defendant and "determine whether any reasonable view of the evidence would permit the factfinder to conclude that the defendant's conduct was justified. If such evidence is in the record, the court must provide an instruction on the defense" (*People v Petty*, 7 NY3d 277, 284 [2006]; *see People v McManus*, 67 NY2d 541, 549 [1986]; *People v Singh*, 139 AD3d at 762). Here, no reasonable view of the evidence would permit the factfinder to conclude that the defendant's conduct was justified (*see People v Watts*, 57 NY2d 299, 302 [1982]; *People v Cotsifas*, 100 AD3d 1015, 1015 [2012]; *People v Small*, 80 AD3d 786, 787 [2011]; *People v Peele*, 73 AD3d 1219, 1221 [2010]; *see also People v Clark*, 129 AD3d at 24-25; *cf. People v Singh*, 139 AD3d at 762-763).

The defendant's contention that he was deprived of the constitutional rights to counsel and to confront the witnesses against him when the Supreme Court precluded him from eliciting evidence of a second gun found in a car parked near the crime scene and improperly curtailed his cross-examination of a prosecution witness about the presence of a second gun is unpreserved for appellate review, as he did not assert a constitutional right to introduce the excluded evidence at trial (*see* CPL 470.05 [2]; *People v Lane*, 7 NY3d 888, 889 [2006]; *People v Ramsundar*, 138 AD3d 891, 892 [2016]; *People v Simmons*, 106 AD3d 1115, 1116 [2013]; *People v Lopez*, 82 AD3d

1264 [2011]). In any event, the court providently exercised its discretion in making the rulings. Apart from its proximity to the crime, there was no indicia that the second gun was linked to the shooting. Accordingly, the proposed line of cross-examination was speculative, only marginally relevant, and posed a danger of misleading the jury (*see People v Pena*, 113 AD3d 701, 702 [2014]; *People v Francisco*, 44 AD3d 870, 870 [2007]; *People v McGlothin*, 6 AD3d 462, 463 [2004]).

The defendant's claim that the Supreme Court deprived him of his right to a fair trial and his right to counsel by improperly limiting the scope of summation is unpreserved for appellate review (*see People v Desjardins*, 113 AD3d 787, 788 [2014]; *People v Nails*, 95 AD3d 1237 [2012]). In any event, the court properly limited defense counsel's summation remarks under the circumstances of this case (*see People v Desjardins*, 113 AD3d at 788; *People v Nails*, 95 AD3d at 1237).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contentions, raised in his pro se supplemental brief, are unpreserved for appellate review and, in any event, without merit. Mastro, J.P., Sgroi, Maltese and Duffy, JJ., concur.