■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AARON REEL, Appellant. [56 NYS3d 140]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Lopez, J.), rendered August 6, 2015, convicting him of criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the Supreme Court properly denied the defendant's request to charge the jury with the defense of temporary and lawful possession. " '[T]o trigger the right [to a charge of temporary and lawful possession] there must be proof in the record showing a legal excuse for having the weapon in [the defendant's] possession as well as facts tending to establish that, once possession has been obtained, the weapon had not been used in a dangerous manner' " (*People v Banks*, 76 NY2d 799, 801 [1990], quoting *People v Williams*, 50 NY2d 1043, 1045 [1980]). However, a defendant is not entitled to the charge where the evidence presented is "utterly at odds with any claim of innocent possession" (*People v Banks*, 76 NY2d at 801 [internal quotation marks omitted]; *see People*

*v Snyder*, 73 NY2d 900, 902 [1989]; *People v Williams*, 50 NY2d at 1045; *People v Smith*, 54 AD3d 421, 421 [2008]). Here, viewing the evidence in the light most favorable to the defendant (*see People v Zona*, 14 NY3d 488, 493 [2010]; *People v Shamsiddeen*, 98 AD3d 694, 695 [2012]), although the gun was initially "thrust" upon the defendant's person, the defendant's own testimony established that he nonetheless accepted and retained possession of the gun and proceeded to conceal it on his person. He did all of this in anticipation of receiving drugs and discharging a debt owed to his drug dealer. This evidence was "utterly at odds with any claim of innocent possession" (*People v Banks*, 76 NY2d at 801 [internal quotation marks omitted]; *see People v Snyder*, 73 NY2d at 902; *People v Williams*, 50 NY2d at 1045; *People v Smith*, 54 AD3d at 421).

The defendant's contention that the prosecutor's comments during summation constituted reversible error is unpreserved for appellate review because he failed to object at trial to the challenged remarks (*see* CPL 470.05 [2]; *People v Flanagan*, 132 AD3d 693, 694 [2015], *affd* 28 NY3d 644 [2017]). In any event, the challenged remarks were fair comment on the evidence (*see People v Ashwal*, 39 NY2d 105, 109-110 [1976]), responsive to arguments and theories presented in the defense summation (*see People v Galloway*, 54 NY2d 396 [1981]; *People v Moore*, 29 AD3d 825, 825-826 [2006]), or constituted harmless error (*see People v Crimmins*, 36 NY2d 230, 241-242 [1975]; *People v Hill*, 286 AD2d 777, 778 [2001]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contention is without merit. Chambers, J.P., Sgroi, Duffy and Barros, JJ., concur.