■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVAJ FRAZIER, Appellant. [59 NYS3d 408]—Appeal by the defendant from a judgment of the County Court, Orange County (Freehill, J.), rendered March 30, 2015, convicting him of criminal possession of weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence was legally insufficient to support his conviction of criminal possession of a weapon in the second degree is unpreserved for appellate

review (*see People v Kolupa*, 13 NY3d 786, 787 [2009]; *People v Hawkins*, 11 NY3d 484, 492 [2008]; *People v Finger*, 95 NY2d 894, 895 [2000]; *cf. People v Squires*, 68 AD3d 900, 900 [2009]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our independent factual review power pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt was not against the weight of evidence (*see People v Romero*, 7 NY3d 633 [2006]; *People v Hawkins*, 258 AD2d 472 [1999]). Retaining a gun beyond opportunities to safely relinquish it is " 'utterly at odds' " with any claim of innocent possession (*People v Snyder*, 73 NY2d 900, 902 [1989], quoting *People v Williams*, 50 NY2d 1043, 1045 [1980]; *see People v Hawkins*, 258 AD2d at 472). Although the defendant claimed that he picked up somebody else's gun after he had just been shot in the arm, he ran away from the police when ordered to stop and to show his hands. He also resisted apprehension, and never informed the officers about the gun he had in his possession despite ample opportunity to do so. Thus, there was no reasonable view of the evidence upon which the jury could have found that the defendant's possession of the weapon was innocent (*see People v Snyder*, 73 NY2d 900 [1989]; *People v Hawkins*, 258 AD2d 472 [1999]).

The defendant's contention that he received ineffective assistance of counsel is without merit (*see People v Baldi*, 54 NY2d 137 [1981]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Chambers, J.P., Austin, Roman and Barros, JJ., concur.