People v Fletcher (2018 NY Slip Op 07747)





People v Fletcher


2018 NY Slip Op 07747


Decided on November 14, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 14, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SHERI S. ROMAN
SANDRA L. SGROI
HECTOR D. LASALLE, JJ.


2017-06994
 (Ind. No. 2053/15)

[*1]The People of the State of New York, respondent,
v
Pedro Fletcher, appellant.


Thomas R. Villecco, Jericho, NY, for appellant.
Madeline Singas, District Attorney, Mineola, NY (Laurie K. Gibbons and Evan T. King of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (William J. O'Brien, J.), rendered May 19, 2017, convicting him of assault in the second degree and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is reversed, as a matter of discretion in the interest of justice, and a new trial is ordered.
This case arises from an altercation among the defendant, Dyene Herron, and Jowanico Grandu inside a house, during which the defendant stabbed Grandu in the hand. At trial, the Supreme Court instructed the jury on justification with respect to the charges of assault in the first degree and assault in the second degree, both of which related to the defendant's conduct toward Grandu, but did not instruct the jury on the defense of temporary and lawful possession of a weapon with respect to the charge of criminal possession of a weapon. The jury found, insofar as relevant here, the defendant guilty of assault in the second degree and criminal possession of a weapon in the third degree, but found the defendant not guilty of assault in the first degree.
On appeal, the defendant raises arguments regarding the justification charge and the Supreme Court's failure to charge the defense of temporary and lawful possession of a weapon. Although these arguments are unpreserved for appellate review, we review them in the exercise of our interest of justice jurisdiction (see CPL 470.15[6][a]; People v Sackey-El, 149 AD3d 1104, 1105-1106; People v Feuer, 11 AD3d 633, 634).
The defense of justification renders the use of force "entirely lawful" (People v Castro, 131 AD2d 771, 773 [internal quotation marks omitted]). Thus, a court properly instructs the jury to consider justification for all relevant counts, and the court should also instruct the jury "that a finding of not guilty by reason of justification as to any one of the counts would preclude a verdict of guilty as to its lesser included offenses" (id. at 773). The jury should be instructed that if it reaches "a verdict of not guilty by reason of justification as to any of the offenses submitted to it, it should simply render a verdict of acquittal and cease deliberation, without regard to any remaining lesser included offenses" (id. at 773-774; see People v Feuer, 11 AD3d at 634-635).
Here, we agree with the defendant that the Supreme Court's jury charge in conjunction with the verdict sheet failed to convey to the jury that if it found the defendant not guilty based on justification as to assault in the first degree, then "it should simply render a verdict of acquittal and cease deliberation, without regard to" assault in the second degree (People v Castro, 131 AD2d at 773-774; see People v Braithwaite, 153 AD3d 929, 930). Thus, the court's instructions, together with the verdict sheet, may have led the jurors to conclude that deliberation on each assault count as to Grandu required reconsideration of the justification defense, even if they had already acquitted the defendant of assault in the first degree based on justification (see People v Braithwaite, 153 AD3d at 930). Since we cannot say with any certainty and there is no way of knowing whether the acquittal on assault in the first degree was based on a finding of justification, a new trial is necessary (see People v Feuer, 11 AD3d at 635). In light of the defendant's acquittal on the charge of assault in the first degree, the highest offense for which the defendant may be retried is assault in the second degree (see id.).
"When evidence at trial viewed in the light most favorable to the accused, sufficiently supports a claimed defense, the court should instruct the jury as to the defense, and must when so requested" (People v Watts, 57 NY2d 299, 301). "As a corollary, when no reasonable view of the evidence would support a finding of the tendered defense, the court is under no obligation to submit the question to the jury" (id. at 301). "Justification is not a defense to criminal possession of a weapon" (People v Sackey-El, 149 AD3d at 1105). However, "[i]n some circumstances, a person may possess an unlicensed or proscribed weapon and still not be guilty of a crime because of the innocent nature of the possession" (id. at 1106). "The innocent nature of the possession negates both the criminal act of possession and the intent with which the act is undertaken when intent is an element of the crime" (People v Almodovar, 62 NY2d 126, 130). "[A] defendant is not entitled to the charge where the evidence presented is utterly at odds with any claim of innocent possession" (People v Reel, 150 AD3d 1028, 1028 [internal quotation marks omitted]). "To warrant a jury instruction on the defense of temporary and lawful possession, there must be proof in the record showing a legal excuse for [the defendant's possession of] the weapon . . . as well as facts tending to establish that, once possession has been obtained, the weapon had not been used in a dangerous manner" (People v Sackey-El, 149 AD3d at 1106 [internal quotation marks omitted]; see People v Bonilla, 154 AD3d 160, 164).
Here, viewing the evidence in the light most favorable to the defendant, the evidence sufficiently supported the defense of temporary and lawful possession of a weapon (see People v Watts, 57 NY2d at 301). The defendant testified that he picked up a kitchen knife from the floor only after Grandu jumped on his back, at which point Herron was hitting the defendant in the head with her hands and with a pan while Grandu restrained the defendant. Although the defendant then stabbed Grandu with the knife, "should a jury believe that the defendant's use of the knife was justified, such use would have been lawful, and not utterly at odds with [the defendant's] claim of" temporary and innocent possession (People v Sackey-El, 149 AD3d at 1106 [citation and internal quotation marks omitted]; see People v Bonilla, 154 AD3d at 164). Accordingly, the Supreme Court should have instructed the jury on the defense of temporary and lawful possession of a weapon. "The failure to give the instruction was not harmless, as it cannot be said that there was no significant probability that the verdict would have been different had the instruction been given" (People v Sackey-El, 149 AD3d at 1106). Accordingly, we also order a new trial on the count of the indictment charging criminal possession of a weapon in the third degree.
In light of the foregoing, we need not address the defendant's remaining contention.
AUSTIN, J.P., ROMAN, SGROI and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court