People v Tomczyk (2019 NY Slip Op 07222)





People v Tomczyk


2019 NY Slip Op 07222


Decided on October 8, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 8, 2019

Friedman, J.P., Sweeny, Richter, Mazzarelli, Webber, JJ.


10022 2123/13

[*1] The People of the State of New York, Respondent,
v
Jason Tomczyk, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Arielle Reid of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Kristian D. Amundsen of counsel), for respondent.



Judgment, Supreme Court, Bronx County (Ralph Fabrizio, J.), rendered March 21, 2016, convicting defendant, after a jury trial, of criminal possession of a weapon in the second degree, and sentencing him, as a second violent felony offender, to a term of 15 years, to be followed by 5 years of postrelease supervision, unanimously affirmed.
Defendant's request for a charge on the defense of temporary lawful possession of a firearm was correctly denied. For a defendant to be entitled to a temporary lawful possession charge, "there must be proof in the record showing a legal excuse for having the weapon in [the defendant's possession] as well as facts tending to establish that, once possession has been obtained, the weapon had not been used in a dangerous manner" (People v Williams, 50 NY2d 1043, 1045 [1980]).
Here, although the jury apparently credited defendant's testimony that he took possession of the subject handgun in a struggle with an assailant, whom he shot in self-defense, there is no reasonable view of the trial evidence upon which the jury could have found that defendant's subsequent continued possession of the gun was innocent and lawful. In this regard, defendant testified that, after the shooting, he took the gun with him into a cab, into a store, and finally to his apartment, where he concealed it in a closet. During the six to eight hours the gun remained in his possession after the shooting, defendant made no effort to report it to the police, even when he saw police officers outside his apartment building and even when police officers and his parole officer arrived at his apartment in the course of their investigation of the shooting (see People v Snyder, 73 NY2d 900, 901-02 [1989] [where the defendants "made no effort to report the incident to the State Police, notwithstanding . . . that the police were at the scene when (they) returned there one-half hour later," the evidence was "utterly at odds with (their) claim of innocent possession temporarily and incidentally resulting from disarming a wrongful possessor]" [internal quotation marks and citations omitted]).
The court properly denied defendant's suppression motion. The record supports the hearing court's findings that the police lawfully arrested defendant on the threshold of his apartment (see People v Garvin, 30 NY3d 174, 181-82 [2017], cert denied __ US __, 139 S Ct 57 [2018]), and that, in any event, there were exigent circumstances that would justify a [*2]warrantless entry (see e.g. People v Mealer, 57 NY2d 214, 219 [1982], cert denied 460 US 1024 [1983]).
We perceive no grounds for reduction of the sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 8, 2019
CLERK