People v Suchite (2021 NY Slip Op 01075)





People v Suchite


2021 NY Slip Op 01075


Decided on February 17, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 17, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
COLLEEN D. DUFFY
ANGELA G. IANNACCI
PAUL WOOTEN, JJ.


2018-12018
 (Ind. No. 16-00312)

[*1]The People of the State of New York, respondent,
v
Noe Lopez Suchite, appellant.


John R. Lewis, Sleepy Hollow, NY, for appellant.
Thomas E. Walsh II, District Attorney, New City, NY (Marissa L. Licata and Jacob B. Sher of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Rockland County (David S. Zuckerman, J.), rendered November 6, 2017, convicting him of assault in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
Contrary to the defendant's contention, the trial court properly refused to instruct the jury on the defense of justification. "A person is justified in using deadly force against another if he or she reasonably believes such to be necessary to defend himself or herself or a third person from what he or she reasonably believes to be the use or imminent use of deadly physical force by such other person" (People v Taylor, 150 AD3d 768, 769 [internal quotation marks omitted]; see Penal Law § 35.15[2][a]). Here, viewing the record in the light most favorable to the defendant (see People v Sparks, 29 NY3d 932, 934), there is no reasonable view of the evidence that would have permitted the factfinder to conclude that the defendant's use of deadly physical force was justified (see People v Taylor, 150 AD3d at 769; People v Heron, 130 AD3d 754, 755).
The defendant contends that his counsel was ineffective for failing to request an adverse inference charge based upon the People's failure to proffer video evidence from a security camera allegedly located in the area of the subject incident. However, because the record does not establish that the police or the prosecution were ever in possession of such alleged video evidence, the defendant was not entitled to an adverse inference charge (see People v Robinson, 143 AD3d 744; People v Rivera, 126 AD3d 818, 819). Therefore, counsel was not ineffective for failing to request the charge (see People v Stultz, 2 NY3d 277, 287).
RIVERA, J.P., DUFFY, IANNACCI and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court