# State of New York
# Court of Appeals

MEMORANDUM

This memorandum is uncorrected and subject to revision before publication in the New York Reports.

No. 100
The People &c.,
 Appellant,
 v.
Rebecca Ruiz,
 Respondent.

Andrew M. Molitor, for appellant.
John J. Morrissey, for respondent

MEMORANDUM:

The order of the Appellate Division should be reversed and the case remitted to the Appellate Division for a determination of the facts and issues raised but not determined on appeal to that Court (CPL 470.25 [2] [d]; 470.40 [2] [b]). Defendant killed the victim, her boyfriend, by firing a single shot from a semi-automatic pistol through the metal,

- 1 -

windowless door to her residence.  She was charged in an indictment with murder in the second degree, criminal possession of a weapon in the second degree, and tampering with physical evidence.

Defendant testified at trial that she shot the victim in the mistaken belief that she was shooting at her estranged husband, who had previously broken in and attacked her in the home.  On the night in question, the victim warned her not to open the door for anyone before leaving her at home with her children, who ranged in age from four to thirteen.  Shortly thereafter, defendant was startled awake by someone pounding on her front door, identifying himself as her husband and yelling for her to open the door.  Defendant testified that while searching for something to use to defend herself, she found a gun in a kitchen drawer that the victim had left behind, unbeknownst to her.  She told the person at the door to leave or she would shoot.  When the person nevertheless continued trying to get inside the house, defendant fired a single shot at the door.

The victim's friend then yelled, from outside, that defendant shot the victim.  She ran out of the house, dropped the gun on the ground, and called 911 as she tried to help the victim.  Two passersby testified that they were walking directly across the street from defendant's house, heard the gun shot and saw the victim stumble backwards.  The witnesses heard defendant tell the victim that she did not mean to shoot him and thought he was her husband.  Responding police officers also heard defendant, who was distraught, state that she shot the victim because she thought he was her husband.  Defendant told police that she threw the gun "over there somewhere" and suggested that her cousin took it.  Police did not recover the gun.

Defendant requested an instruction on temporary and lawful possession of a weapon, arguing that she had a right to possess the weapon at the time of the shooting because she believed that her life and the lives of her children were under threat. The People responded that the charge was unwarranted because there was no legal excuse for possessing the weapon and it was used in a dangerous manner to kill the victim. County Court agreed with the People and denied the request. The court charged justification in connection with the murder charge, and the jury acquitted defendant of murder in the second degree and tampering with physical evidence, but found her guilty of criminal possession of a weapon in the second degree.

The Appellate Division, with one Justice dissenting, reversed and granted defendant a new trial on the weapon possession charge, concluding that County Court erred in denying defendant's request to instruct the jury on the defense of temporary and lawful possession of a firearm (197 AD3d 915 [4th Dept 2021]). The Court concluded that the undisputed evidence that defendant shot and killed the victim did not necessarily bar the instruction because a justification defense to the homicide charge was submitted to the jury. The dissenting Justice would have affirmed the conviction on the ground that, among other things, the defense is unavailable where the evidence demonstrates that the defendant used the weapon in a dangerous manner and, here, defendant did so by using the subject weapon to shoot through a closed door, thereby killing the person who was on the other side (*see id.* at 919 [NeMoyer, J. [dissenting]). The dissenting Justice granted the People leave to appeal.

"A trial court must instruct the jury on 'the material legal principles applicable to the particular case, and, so far as practicable, explain the application of the law to the facts'" (*People v J.L.*, 36 NY3d 112, 119 [2020], quoting CPL 300.10 [2]). It is well settled that "the jury must be instructed on all claimed defenses which are supported by a *reasonable view* of the evidence—not by any view of the evidence, however artificial or irrational" (*see People v Butts*, 72 NY2d 746, 750 [1988]). A requested "'charge must be given if there is evidence reasonably supportive of the defense, even if there is other evidence which, if credited, would negate it'" (*J.L.*, 36 NY3d at 119, quoting *People v McKenzie*, 19 NY3d 463, 466 [2012]).

A defendant is entitled to a jury charge on the defense of temporary and lawful possession when there is evidence presented at trial "'showing a legal excuse for . . . possession as well as facts tending to establish that, once possession has been obtained, the weapon had not been used in a dangerous manner'" (*Williams*, 36 NY3d at 161, quoting *People v Williams*, 50 NY2d 1043, 1044-1045 [1980]; *accord Banks*, 76 NY2d at 801). Here, defendant used the weapon in a dangerous manner (*see id.* at 1044-1045). Although no single fact is dispositive, she fired the gun blindly through a closed, windowless door, endangering anyone who might have been on the other side, striking and killing the victim, and creating a risk that the bullet would ricochet off the metal door and potentially injure her children.

Viewing the evidence adduced at trial in the light most favorable to defendant, as we must (*see People v Banks*, 76 NY2d 799, 800 [1990]), we conclude that "'no reasonable view of the evidence would support a finding of the tendered defense'" of temporary and

lawful possession and, thus, County Court was "'under no obligation to submit the question to the jury'" (*People v Williams*, 36 NY3d 156, 160 [2020], quoting *People v Watts*, 57 NY2d 299, 301 [1982]). Inasmuch as defendant's actions were reckless and dangerous, she was not entitled to the temporary and lawful possession charge. Defendant's remaining arguments are academic.

Order reversed and case remitted to the Appellate Division, Fourth Department, for a determination of the facts and issues raised but not determined on appeal to that Court (CPL 470.25 [2] [d]; 470.40 [2] [b]), in a memorandum. Acting Chief Judge Cannataro and Judges Rivera, Garcia, Wilson, Singas and Troutman concur.

Decided December 15, 2022