People v Walker (2025 NY Slip Op 03830)

People v Walker

2025 NY Slip Op 03830

Decided on June 25, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 25, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
PAUL WOOTEN
LOURDES M. VENTURA
DONNA-MARIE E. GOLIA, JJ.

2018-07874
 (Ind. No. 4953/16)

[*1]The People of the State of New York, respondent,
v
Jordan Walker, appellant.

Patricia Pazner, New York, NY (Sam Feldman and Marissa Reap of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Morgan J. Dennehy, and Katherine A. Walecka of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Evelyn J. Laporte, J.), rendered May 23, 2018, convicting him of criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is reversed, on the law, and the matter is remitted to the Supreme Court, Kings County, for a new trial on count 8 of the indictment charging the defendant with criminal possession of a weapon in the second degree.
On June 5, 2016, the defendant was involved in an incident on a street in Brooklyn in which he fired several shots, allegedly resulting in injuries to two individuals. The defendant was charged, inter alia, with attempted murder in the second degree, attempted assault in the first degree, assault in the second degree, and criminal possession of a weapon in the second degree.
At trial, defense counsel requested, among other things, a deadly physical force justification charge pursuant to Penal Law § 35.15(2) as to the counts of attempted murder in the second degree, attempted assault in the first degree, and assault in the second degree, based upon the defense theory that the defendant fired a gun to defend himself from the use of deadly physical force by another individual, James Farmer. According to the defense theory, Farmer fired several shots at the defendant before the defendant took possession of a gun and fired back at Farmer. Defense counsel also requested a charge on the defense of justification pursuant to Penal Law § 35.05(2) as to the counts of criminal possession of a weapon, and a charge on the defense of temporary and lawful possession of a weapon as to those counts. The Supreme Court issued a deadly physical force justification charge, but declined to instruct the jury on the defenses of justification pursuant to Penal Law § 35.05(2) and temporary and lawful possession of a weapon with respect to the counts of criminal possession of a weapon. The jury convicted the defendant of one count of criminal possession of a weapon in the second degree, but found the defendant not guilty of the other charges.
The defendant's contention that Penal Law § 265.03 is unconstitutional in light of the decision in New York State Rifle & Pistol Assn., Inc. v Bruen (597 US 1) is unpreserved for appellate review, as the defendant failed to raise a constitutional challenge before the Supreme Court (see [*2]People v Robb, 233 AD3d 805). In any event, the Bruen decision "had no impact on the constitutionality of New York State's criminal possession of a weapon statutes" (People v Manners, 217 AD3d 683, 686; see People v Sargeant, 230 AD3d 1341, 1355).
"When evidence at trial viewed in the light most favorable to the accused, sufficiently supports a claimed defense, the court should instruct the jury as to the defense, and must when so requested" (People v Watts, 57 NY2d 299, 301; see People v Abboud, 192 AD3d 698, 699).
Contrary to the defendant's contention, the Supreme Court properly declined to instruct the jury on the defense of justification pursuant to Penal Law § 35.05(2) with respect to the count of criminal possession of a weapon in the second degree of which he was convicted (see People v Newsom, 189 AD3d 1469, 1469; People v Bailey, 111 AD3d 1310, 1311), as "the defense of justification may excuse only the unlawful use of a weapon, not its unlawful possession" (People v White, 75 AD3d 109, 122).
However, the Supreme Court erred by declining to instruct the jury on the defense of temporary and lawful possession of a weapon. "A defendant is entitled to a jury charge on the defense of temporary and lawful possession when there is evidence presented at trial showing a legal excuse for . . . possession as well as facts tending to establish that, once possession has been obtained, the weapon had not been used in a dangerous manner" (People v Ruiz, 39 NY3d 981, 983-984 [internal quotation marks omitted]; see People v Reel, 150 AD3d 1028, 1028). "[A] person has innocent possession of a weapon when [that person] comes into possession of the weapon in an excusable manner and maintains possession, or intends to maintain possession, of the weapon only long enough to dispose of it safely" (People v Williams, 36 NY3d 156, 161 [internal quotation marks omitted]).
Here, viewing the evidence in the light most favorable to the defendant, the evidence sufficiently supported the defense of temporary and lawful possession of a weapon (see People v Fletcher, 166 AD3d 796, 798-799; People v Curinaj, 65 AD2d 705, 705). As reflected by the fact that the jury acquitted the defendant of the charges of attempted murder in the second degree, assault in the second degree, and attempted assault in the first degree, based upon a justification defense, there was a reasonable view of the evidence that the defendant took possession of the gun with a valid legal excuse (see People v Rose, 191 AD3d 697, 698; People v Sackey-El, 149 AD3d 1104, 1106). The fact that the defendant fired a gun on a public street does "not negate a defendant's entitlement to a temporary lawful possession instruction where the shooting was justified and the possession was otherwise lawful" (People v Bonilla, 154 AD3d 160, 164; see People v Almodovar, 62 NY2d 126, 130). Further, "the defendant's intent to turn the subject weapon over to the lawful authorities is not a necessary element of the defense of temporary and lawful possession" (People v Whitehead, 123 AD2d 895, 896). Moreover, there is no evidence that the defendant retained the gun after fleeing the location of the shooting (see People v Rose, 191 AD3d at 699). Thus, the Supreme Court should have instructed the jury on the defense of temporary and lawful possession of a weapon. "The failure to give the instruction was not harmless, as it cannot be said that there was no significant probability that the verdict would have been different had the instruction been given" (People v Sackey-El, 149 AD3d at 1106; see People v Crimmins, 36 NY2d 230, 241-242). Accordingly, we remit the matter to the Supreme Court, Kings County, for a new trial on count 8 of the indictment charging the defendant with criminal possession of a weapon in the second degree.
In light of our determination, we need not reach the defendant's remaining contentions.
GENOVESI, J.P., WOOTEN, VENTURA and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court